WILLIAMS MOWER AND REAPER COMPANY VS. SMITH.

*Foreign Corporation; when existence to be proven.*

Under secs. 3 and 11, ch. 148, R. S., a *foreign corporation*, suing in the courts of this state, is not required, any more than a domestic one, to prove its corporate existence, unless the defendant, in his answer, shall deny that plaintiff is a corporation, and annex an affidavit of the truth of such answer; and the issue is not raised by a mere *general denial.*

APPEAL from the Circuit Court for *Monroe* County.

The plaintiff appealed from a judgment of nonsuit. The ground upon which such judgment was granted, is stated in the first paragraph of the opinion.

*Montgomery, Tyler & Dickinson,* for appellant, relied upon R. S., ch. 148, secs. 3 and 11 (Tay. Stats., 1729, 1731, §§ 3, 11), and as to their construction, cited *Conn. Mu. L. Ins. Co. v. Cross,* 18 Wis., 109; *Farmers' L. & T. Co. v. Fisher,* 17 id., 114; *Goodrich v. School District,* 2 id., 109; *Farmers' & Millers' B'k v. Sawyer,* 7 id., 379; *Central B'k v. Knowlton,* 12 id., 624, and authorities there cited; *Chickerming Lodge v. McDonald,* 16 id., 113; 1 Duer, 707; Webster's and Burrill's Dics., *sub verbis* "Prosecute," "Prosecution."

*C. L. Hood,* for respondent:

The rule of sec. 3, ch. 148, R. S., that unless defendant denies the existence of the corporation by his answer, and verifies

the denial by affidavit, plaintiffs suing as a corporation shall not be obliged to prove its corporate existence, is restricted by its language to *domestic* corporations.	*Expressio unius, exclusio alterius.* 4 Minn., 500. It does not apply to foreign corporations. *Waterville Man. Co. v. Bryan,* 14 Barb., 184; *Marine F. Ins. Co. v. Jauncey,* 1 id., 486 ; 4 id., 129 ; 5 Wend., 478 ; 9 Abb. Pr. R., 168; 17 How. Pr. R., 488; 14 Conn., 437. And see especially *Central B'k v. Knowlton,* 12 Wis., 624. Sec. 11 of the chapter cited merely affords foreign corporations a *status* in our courts, which, before that enactment, was merely a matter of comity. *Becht v. Harris,* 4 Minn., 511. The right to " prosecute in the same manner " does not confer upon them all the rights of domestic corporations.	*Western Bank v. City Bank of Columbus,* 7 How. Pr. R., 238. The act not requiring such a conclusion by its express terms, it ought not to be presumed that the legislature intended to relieve foreign corporations from proving their legal existence — a matter in their own knowledge — when suing a citizen of this state, and thus compel that citizen to search the records of foreign states or countries, before he can contest their legal existence. Again, a plaintiff citizen, enforcing his rights against a foreign corporation, must prove its legal existence under a general denial. Did the legislature mean to leave this burden upon the citizen, when a plaintiff, and yet relieve the foreign corporation, when a plaintiff in our courts, suing the citizen, from the like duty ?

COLE, J. The only question in this case is, whether, when a suit is brought by a foreign corporation and the defendant answers the general denial merely, this dispenses with the necessity of proving the corporate existence of the plaintiff on the trial? The circuit court held ' that the corporate existence of the plaintiff was put in issue by such an answer, and, there being no proof upon that point, granted a nonsuit. We think this ruling was erroneous under the provisions of our statute.

Section 3, ch. 148, R. S., provides that in actions by or

against any corporation created by or under any statute of this state, it shall not be necessary to prove on the trial the existence of such corporation, unless the defendant, in his answer, shall have denied that the plaintiff is a corporation, and annexed thereto an affidavit of the truth of such an answer. This provision plainly dispenses with the necessity of proving its corporate existence where only the general issue is pleaded, so far as domestic corporations are concerned. *The Central Bank of Wis. v. Knowlton*, 12 Wis., 624. By sec. 11, ch. 148, *supra*, it is enacted that a foreign corporation created by or under the law of any other state, government or country, may prosecute in the courts of this state in the same manner as corporations created under the laws of this state, upon giving security for costs as nonresident plaintiffs are required to do. This section places a foreign corporation on the same footing precisely as a domestic corporation in respect to the prosecution of actions, with the single exception that it is required to give security for the payment of costs. This is the plain language, and seems to be the spirit, of this provision; and as a domestic corporation is not required to prove its charter on the trial, unless the defendant in his answer has denied the existence of the plaintiff's corporation, and annexed thereto an affidavit of the truth of the answer, it follows that a foreign corporation need not prove its act of incorporation unless its existence is denied in a like manner. It is suggested by the ingenious counsel for the defendant, that the sole and only object of sec. 11 was to confer upon a foreign corporation the right to bring a suit in the courts of this state. Such, however, we think could not have been the real object of this enactment. For nothing was better settled when this provision was enacted by our legislature, than that corporations might institute suits in the courts of states other than those under whose laws they were established. (Angell & Ames on Corporations, ch. 11, 9th ed.) And although the right on the part of a foreign corporation to sue in another state had its foundation in principles of comity, yet it

was none the less recognized and enforced, unless the foreign corporation was instituted for a purpose contrary to the policy of the state where the suit was brought. In the case of *The Connecticut Mutual Life Insurance Co. v. Cross*, 18 Wis., 109 — a suit brought by a foreign corporation — the complaint was objected to because it did not set forth the act of incorporation, either in *haec verba* or in substance, but recited the title. of the act only. The objection was overruled, this court holding that as this method of pleading was expressly authorized in respect to domestic corporations by section 4, the same rule was prescribed when a foreign corporation was plaintiff, under sec. 11. See also *Farmers' Loan and Trust Co. v. Fisher*, 17 Wis., 114. And, as is argued by the counsel for the plaintiff, there is no more reason for holding that sec. 11 regulates the method of pleading where a foreign corporation is plaintiff, than there is for saying that it likewise determines under what circumstances and by what forms of pleading the plaintiff's corporate existence is put in issue. For, sec. 11 places domestic and foreign corporations upon the same footing in this respect, and all proof of the existence of the corporation becomes unnecessary in tho one case when it would be in the other. In this case, if the defendant desired to question the corporate character of the plaintiff, he should have denied its existence in his answer, and annexed thereto an affidavit of the truth of such answer.

The counsel for the defendant argues that it is nearly impossible, under this construction of the statute, for a citizen thus to put in issue the existence of a foreign corporation, since it compels him to search the records of foreign states and countries before he can deny its existence and swear to the truth of the answer. There is certainly great force in this argument; but it is more properly addressed to the legislature, which has the power to change the statute, than to the courts, which must interpret the law as they find it. The legislature has seen fit to enact that a foreign corporation may *prosecute* a suit in the courts of this state in the same manner as a domestic corpora-

tion, except in one particular, and this applies to the conditions under which the corporate existence of the plaintiff is put in issue, as well as to other proceedings in the action.

It follows from these views that the judgment of the circuit court must be reversed, and a new trial awarded.

*By the Court.* — So ordered.