STIER v. THE CITY OF OSKALOOSA.

1. **Pleading**: MUNICIPAL CORPORATION. An allegation in a petition that defendant is a "corporation created by authority of the State of Iowa, under the name and style of the City of Oskaloosa," is sufficient to charge defendant in a corporate capacity. A bare denial will not put in issue its existence as a corporation.

2. ———: MUNICIPAL CORPORATION. The description in the petition of defendant as a city is a sufficient averment of the fact that it is a municipal corporation.

3. **Municipal Corporations**: JUDICIAL NOTICE: PRACTICE. Courts will take judicial notice of the charters of cities or the laws under which they are incorporated.

4. **Instructions**: PERTINENCY. The refusal to give an instruction, based upon a hypothesis not sustained by the evidence, is not error.

5. **Negligence**: DUTY OF PEDESTRIAN: MUNICIPAL CORPORATION. Only the same degree of care to avoid accidents is required of one passing along the street by night as by day, although in the former case this may call into exercise greater caution and watchfulness.

6. **Practice in the Supreme Court**: INTSRUCTION: PRESUMPTION IN FAVOR OF RULING. In the absence of evidence showing it to be erroneous, the Supreme Court will sustain the refusal of the inferior court to give an instruction upon the ground that it is not justified by the evidence.

VOL. XLI.—23

*Appeal from Mahaska Circuit Court.*

WEDNESDAY, OCTOBER 20.

ACTION to recover for personal injuries sustained by defendant from falling into a ditch dug across a sidewalk of the city with defendant's consent and authority, and which was negligently left open without any protection from the dangers thereof, to those using the street. There was a verdict and judgment for plaintiff in the sum of $685. Defendant appeals.

*Lafferty & Johnson,* for appellant.

Unless a municipal corporation is liable by express statute, for damages occasioned by the condition of its streets or sidewalks, such liability must appear, if at all, from its charter, or the statutes under which it is organized. (2 Dill. Mun. Corp., 915.) Courts other than those of the municipality will not take judicial notice of its ordinances. (1 Dill. Mun. Corp., § 346; *Garvin v. Wells,* 8 Iowa, 286; *Goodrich v. Brown,* 30 Id., 291.) The giving of instructions not sustained by the pleadings or evidence is erroneous. (*Moffatt v. Cresswell,* 8 Iowa, 122; *State v. Jones,* 33 Id., 9; *Dolan v. Jean,* 35 Id., 413.) Defendant was entitled to a reasonable time to make repairs. (*Rowell v. Williams,* 29 Iowa, 210; 2 Dill. Mun. Corp., 921.) If the defendant could have avoided the accident by the use of his senses, and failed to do so, he was guilty of contributory negligence. (*Greenleaf v. I. C. R. Co.,* 29 Iowa, 16.) The burden of proof was upon plaintiff, to show that he was not guilty of negligence contributing *in any degree* to his injury. (*Artz v. C. R. I. & P. R. R. Co.,* 34 Iowa, 153.)

*W. S. Kenworthy* and *John F. Lacey,* for appellee.

If defendant seeks to obtain exemption by special immunity, such fact should have been specially pleaded. (Rev., §§ 2923–5.) As to the name of the corporation being a sufficient averment that it was a corporation, see *O'Donnell v. Evansville R. Co.,* 14 Ind., 259. The city is bound to keep its

streets safe, under the statute. (Rev., § 1064; *Bacon v. Boston*, 3 Cush., 174; *Manchester v. Hartford*, 30 Cowan, 118; *Hubbard v. Concord*, 35 N. H., 62; *Kirby v. Market Ass.*, 14 Gray, 275; *Lowell v. Spaulding*, 4 Cush., 275.)

BECK, J.—We will consider the objections to the judgment in the order we find them presented in the arguments of appellant's counsel. They require but brief discussion.

I. Several instructions, it is insisted, are erroneous, on 1. PLEADING: the ground that they assume the defendant is a corporation. municipal corporation, when its character is neither averred in the petition nor shown by the evidence. The petition alleges that the defendant "was and still is a corporation created by authority of the State of Iowa, in Mahaska county, Iowa, under the name and style of the City of Oskaloosa." This averment is sufficient to charge defendant in the capacity of a corporation, and a bare denial thereof does not put in issue the corporate character of defendant. Code, §§ 2716, 2717.

II. The defendant is described in the petition as a city, and 2. ——: its style is averred to be the City of Oskaloosa. municipal corporation. This is a sufficient averment of the fact that it is a municipal corporation. The description of a corporation as a city is direct and unmistakable, so far as its character and capacity are involved. *O'Donnell v. Evansville R. Co.*, 14 Ind., 259.

III. Courts will take judicial notice of the charters or laws 3. MUNICIPAL under which cities are incorporated. Dillon's Mun. corporations: Corp., § 50. It was not, therefore, necessary to allege judicial notice. or prove the power possessed by the city over its streets under the laws of the state. The objection founded upon the want of such allegation and proof is not, therefore, well taken.

IV. Two instructions gave rules to the jury, to be applied in case they found that the ditch into which plaintiff fell was dug by the city or by others under contract with the city. It is claimed that there is no evidence of either fact, and the instructions were, therefore, erroneous. It does not appear that there was any contest upon this point at the trial, and that

there was any claim made that the ditch was dug without authority of the city. There is evidence to show that the ditch was dug across the sidewalk for the purpose of laying down gas pipes, and that it had been examined and inspected by the mayor and an alderman of the city. This evidence, in the absence of any conflicting testimony or dispute upon the point, authorized the court to submit the question to the jury, whether the ditch was authorized by the city.

V. An instruction directed the jury that it was defendant's duty to place guard-barriers around the excavation, so that persons could pass the street with reasonable safety. Counsel insist this instruction is erroneous because it does not "leave. the question to the jury whether *lights* would have afforded sufficient protection." As there was no evidence to show that lights were placed at the point to give warning of the danger, the jury could not have been required to determine whether their use for the purpose indicated would have been a sufficient exercise of care.

<div style="margin-left:2em">4. INSTRUC-<br>TIONS: perti-<br>nency.</div>

VI. The ninth and tenth instructions are claimed to be erroneous, in that the first assumes that plaintiff's injuries were permanent, and the second that he suffered up to the day of trial. The ninth directs the jury to allow plaintiff for permanent injuries, and the tenth for injuries suffered up to the day of trial. Another instruction very clearly directs the jury that plaintiff can only recover for injuries established by the preponderance of the testimony. The jury could not have been misled by the instructions complained of, as they considered them in connection with the one just referred to.

VII. An oral instruction, by the consent of the parties, was given to the jury, directing them that a verdict found for plaintiff in a manner pointed out would not be legal, is objected to upon the like ground that plaintiff's right to recover is assumed therein. As before remarked, in another instruction, the jury were directed that plaintiff was not entitled to recover except upon the preponderance of the evidence in his favor. It was not necessary to repeat the instruction to that effect.

Stier v. The City of Oskaloosa.

VIII. The defendant requested an instruction to the effect
5. NEGLI-      that greater caution was demanded of plaintiff in
GENCE: duty
of pedestrian: passing upon the sidewalk after night than in the
municipal
corporation.  day time. The injury was sustained at night. The
court correctly instructed the jury that the law demanded of
the plaintiff the exercise of ordinary care, and that in determ-
ining whether he exercised such care they were to consider all
the circumstances of the case, the hour of the night, etc. The
instruction refused, in one sense which it may bear, is not cor-
rect; namely, that a greater degree of care should be used at
night than in the day time. The same degree of care is to be
used at all times; but this rule may require greater caution
or watchfulness at night than in the day time, and to that
effect was the instruction given by the court. The sense
which defendant puts upon the instruction refused is the same
as that of the one given. There was, therefore, no error in re-
fusing to repeat what had before been said.

IX. The defendant asked the court to instruct the jury that
6. PRACTICE    if they found plaintiff's evidence was willfully
in the Su-
preme Court: false in any material fact, they would be justified
instruction:
presumption   in wholly disregarding it. The instruction was
refused. The Circuit Court in refusing this instruction must
have held that there was no evidence to support any such
conclusion of fact. The evidence before us, while it shows
that plaintiff was contradicted upon some points by other
witnesses, affords no grounds for holding that the instruction
was erroneously refused. Whatever effect the appearance,
demeanor and manner of plaintiff, and other matters not
appearing in the record, may have had in supporting or
detracting from his credibility, it was, we are to presume,
duly considered by the Circuit Court. With such aids in
reaching a conclusion as to the honesty of plaintiff, which we
do not possess, the court below ruled upon the instruction.
We must presume that ruling is correct, in the absence of evi-
dence showing it to be erroneous. The question rested for
decision upon the sound discretion of the court in view of all
the facts of the case disclosed upon the trial. The record fails

to overcome the presumption, which we are required to exercise, that such discretion was rightly exercised.

· X. It is insisted that the verdict is in conflict with the evidence. We think otherwise. The jury were justified in the exercise of an honest and intelligent judgment, upon the facts before them, to find for plaintiff. Neither is there any objection to the judgment, on the grounds of the amount of the verdict, which would authorize us to set it aside.

· We have noticed all the points in the assignment of errors which we are permitted to consider, and discover no error in the judgment and proceedings of the court below.

<div align="right">AFFIRMED.</div>