National Life Ins. Co. v. Robinson.

NATIONAL LIFE INSURANCE COMPANY OF THE UNITED
STATES OF AMERICA, APPELLANT, v. JENNIE L. ROBIN-
SON, ADMINISTRATRIX OF THE ESTATE OF SETH ROB-
INSON, DECEASED, APPELLEE.

Suit by Corporation: Effect of a General Denial. Life
Insurance Company, a corporation, brought an action to fore-
close a mortgage against A, making B, the holder of a subse-
quent judgment lien against A, a defendant. B, put in an an-
swer consisting of a general denial. *Held*, that such answer
did not put in issue the corporate character of the corporation,
or its power to sue in said court.

APPEAL from the district court for Lancaster county.
The facts appear in the opinion.

*M. Montgomery & Son*, for appellant.

The whole claim of the defense goes to the *legal ca-
pacity* of the plaintiff to sue.

1.   Under the code want of legal capacity to sue is
one of the six grounds for demurrer, when appearing
on the face of the pleading, and when not so appear-
ing the objection must be taken by answer, otherwise
it is waived.   Code of Civil Procedure, secs. 95, 96.
In this case there was neither demurrer nor answer of
that purport, hence the question was waived and the
defendant was not in a position to raise it on the trial.
She assumed the right, however, by virtue of some-
thing which she claims to be a general denial; but there
was no sufficient denial in the answer to put the plaintiff
to proof as to any matter alleged in the petition, because
under the code a denial must be absolute, whether spe-
cial or general.   Code of Civil Procedure, sec. 99.

2.   If the answer were properly a general denial, it
does not cover the question of plaintiff's legal capacity
to sue, but is an admission of such capacity.   Such a

denial must be construed as applying only to the merits in suits by corporations; and it dispenses with all proof of corporate existence and right to sue. *Phenix Bank v. Curtis*, 14 Conn., 437, and authorities there cited. *Railsback v. Liberty, etc.*, Turnpike Co., 2 Ind., 656. *Jones v. Cincinnati, etc., R. Co.*, 14 Ind., 89. *Hardy v. Merriweather*, Id., 203. *Hubbard v. Chappel*, Id., 601. *The Society for the Propagation, etc., v. the Town of Pawlet*, 4 Peters, 501. *Savage Manuf. Co. v. Armstrong*, 17 Me., 34, and cases there cited. *Carpenter v. Mercantile Bank*, 17 Ind., 255. *Harrison v. Martinville, etc., R. Co.*, 16 Id., 505. *Penobscot Boom Co. v. Lamson*, 16 Me., 224. *Commissioners v. Bright*, 18 Ind., 93. *Putnam Free School v. Fisher*, 30 Me., 523.

*Mason & Whedon*, for Appellee.

COBB, J.

This action is for the foreclosure of a mortgage executed by Andrew J. Cropsey and wife to the Republic Life Insurance Company, and by said company assigned to the plaintiff. The defendants other than Cropsey and wife are sued as subsequent lien holders upon the mortgaged premises, one only of them—Seth Robinson—answering. His answer, after first denying all knowledge or information as to the plaintiff's cause of action, denies all the facts stated in the petition except as to his lien. Robinson's death was afterwards suggested, and the cause revived in the name of Jennie L. Robinson, administratrix. The cause was referred to a special referee, to find issues of fact and of law.

The referee made his report, in and by which he found as matter of fact that the mortgage described in the petition was duly executed, witnessed, acknowledged, and recorded in the office of the county clerk

of said county long prior to the obtaining of the judgment of said Robinson; and that there is still due and unpaid on said note and mortgage the sum of $825 and interest thereon from the twenty-fifth of July, 1877. That the note was executed and delivered at the date, for the amount, and to mature at the time, and at the rate of interest as set forth in the petition. That the said Republic Insurance Company duly assigned said note to the plaintiff, and also assigned the mortgage to the plaintiff. That at the time of the bringing of this suit, the said note and mortgage were in the possession of the plaintiff. That the privilege of becoming incorporated by said plaintiff was granted by a law of congress passed and approved July 25th, 1868, but that before they in fact could become a corporation, directors must be chosen, capital stock must be subscribed, and an acceptance made of such privileges so granted. Said act of congress empowered such corporation to sue and be sued, plead and be impleaded in the district and circuit court of the United States, in the District of Columbia, and elsewhere. That at the May term, 1877, of said court, Seth Robinson recovered a judgment against said defendant Cropsey for the sum of $75.00, which said judgment is still unpaid. And the referee aforesaid finds the following conclusions of law:

*First.* That there is due on the judgment of Robinson the sum of $85.50, and that the same is a lien on the lands mentioned in the plaintiff's petition. And that there is due on the note and mortgage of the said plaintiff the sum of $921.25, and that the same is not a lien as against the claim of defendant Robinson on the lands mentioned in the petition, but is a second lien thereon.

*Second.* That the said plaintiff, if a corporation, is empowered to maintain this action, regardless of the particular manner whereby it became possessed of the

said note and mortgage—possession alone in the case of negotiable paper being sufficient for such purpose.

*Third.* If said plaintiff is a corporation as aforesaid, it has the lawful right to become a party to negotiable paper for some purposes. · It is legally presumed that plaintiff had such right to take by assignment and endorsement the note and mortgage in question.

*Fourth.* But until said plaintiff accepts said privilege so granted by congress, and perfects its organization thereunder, it is not a legal corporation.

*Fifth.* Such corporation, when so organized, is empowered to sue only in the circuit and district courts of the United States, either in law or equity, in the District of Columbia and elsewhere. These words are restrictive, and a limitation upon such corporation to sue elsewhere. The power that could grant such privilege had the right to say in what courts it should sue and be sued. It follows therefore that, granting even that plaintiff is legally incorporated, it cannot bring this suit in this court, etc.

The plaintiff duly excepted to the said conclusions of law numbered one, four, and five. The court approved the said referee's report, to which the plaintiff excepted, and thereupon the court rendered a final decree in accordance with the said report, and overruled the plaintiff's motion for a new trial, etc., whereupon the plaintiff appealed to this court.

In this court defendant Robinson by counsel moved the court to dismiss the appeal, for the reason that the record contains no bill of exceptions, and does not show what evidence was received on the trial. The motion was overruled. But there being no bill of exceptions, this court cannot consider any error not appearing on the face of the record proper.

The answer of defendant Robinson did not put in issue the corporate existence of the plaintiff, nor its

National Life Ins. Co. v. Robinson.

power to sue in said court. That could only be done by demurrer, or by special denial in the nature of a plea in abatement. 1 Chitty's Pleadings, 448, and authorities there cited in note 2.

Each fact put in issue by the answer was found by the referee in favor of the plaintiff except that of priority of lien, and his finding on that point contains within itself such manifest error as to render it unnecessary to go out of the record for its proper consideration. The referee finds that the note on which the suit was brought was made, executed, and delivered, etc., and the mortgage made, executed, acknowledged, and delivered and recorded long prior to the obtaining of the judgment of said Robinson. He then proceeds to consider matters not put in issue by the pleadings, and which were not and could not have been referred to him, and upon consideration thereof comes to the conclusion that the Robinson judgment is the first lien, and the mortgage sued on the second lien. The confirmation of the report of the referee by the district court, and the rendition of judgment thereon, were erroneous and must be reversed.

Had the testimony been preserved by a bill of exceptions, so that this court could consider it, a final decree of foreclosure would be here rendered; but as it is, the cause is remanded for further proceedings.

REVERSED AND REMANDED.