CRANE BROS. MANUFACTURING COMPANY vs. MORSE.

*April 26 — May 11, 1880.*

PLEADING: ANSWER. *(1) Plea of* nil debet *in action on account for goods. (2) Specific denial of plaintiff's corporate character. (3) Negative pregnant. (4) Form of denial of plaintiff's present right. (5) Frivolous answer.*

1. The plea of *nil debet* is inappropriate to an action of *assumpsit;* and where the complaint was upon an account for goods sold, an answer denying that defendant "is indebted to plaintiff in manner and form as alleged in the complaint," is bad.
2. Where the complaint alleges that plaintiff "is a corporation duly organized under the laws" of a foreign state, an answer that defendant "has no knowledge or information sufficient to form a belief" concerning such allegation, "and therefore denies the same," is insufficient, under the

Crane Bros. Manufacturing Co. vs. Morse.

statute which requires plaintiff's corporate character to be *specifically* denied.

3. Where the complaint alleged an *express* (but not a written) agreement to pay interest on the account after a certain time, a denial of "all that part of the complaint relating to interest and the payment thereof, that no agreement *in writing* was ever made by this defendant to pay interest," etc., is insufficient.

4. The complaint being for goods sold *by plaintiff* to defendant, a denial of information sufficient to form a belief "concerning the allegation that plaintiff is now the lawful owner and holder of the account," is bad. If defendant desired to defend on the ground that plaintiff had assigned the claim, he should have stated that fact in his answer.

5. An answer containing only the defenses above stated, *held frivolous.*

APPEAL from the County Court of *Winnebago* County.

On motion, the county court struck out the defendant's answer as frivolous, and gave judgment for the plaintiff. This is an appeal by the defendant from the judgment. The complaint (which is in the usual form) is upon an account for goods sold, attached thereto as an exhibit. The corporate character of the plaintiff, and an express agreement by the defendant to pay interest on the account after a certain time, are alleged. The answer is as follows:

"1. Defendant denies that he is indebted to the plaintiff in manner and form as alleged in his complaint.

"2. Defendant has no knowledge or information sufficient to form a belief concerning the allegations in plaintiff's complaint that the plaintiff herein is a corporation duly organized and existing under and by virtue of the laws of the state of Illinois, and therefore denies the same.

"3. Defendant denies all that part of plaintiff's complaint contained in folio 3, relating to interest and the payment thereof; that no agreement in writing was ever made by this defendant to pay interest on sale of goods and merchandise after thirty days from the sale thereof.

"4. The defendant herein has no knowledge or information sufficient to form a belief concerning the allegations in plaint-

Crane Bros. Manufacturing Co. vs. Morse.

iff's complaint that the plaintiff is now the lawful owner and holder of the account attached to his said complaint."

For the appellant there was a brief by *A. G. Randall*, and oral argument by *C. D. Cleveland*.

The cause was submitted for the respondent on the brief of *Henry Bailey*.

LYON, J. The answer is clearly frivolous. *First*. The first defense pleaded is *nil debet*, which is entirely inappropriate to an action of *assumpsit*, and may always be treated as a nullity when pleaded in such an action. 1 Chitty's Pl. (7th Eng. ed.), 548. *Second*. The corporate character of the plaintiff is not *specifically* denied, as required by the statute. R. S., 1012, sec. 4199. A denial of knowledge or information thereof sufficient to form a belief falls far short of such a denial. Hence the answer raises no issue in that behalf. *Third*. The denial that the defendant agreed *in writing* to pay interest on the account, is not responsive to the allegation in the complaint that he expressly agreed to pay interest thereon, and presents no issue. The defense is a negative pregnant. *Fourth*. The last defense is badly pleaded. The answer does not deny that the defendant purchased of the plaintiff the goods specified in the complaint; and if the defendant desired to set up as a defense that the plaintiff had assigned the claim, he should have stated that fact in his answer.

*By the Court.* — Judgment affirmed.