JENNIE T. JACKSON V. CHARLES F. GREEN AND MINERVA L. MEREDITH.

(Filed September 10, 1903.)

ANSWER—Sufficient, When. An answer which is merely a denial of an indebtedness, without denying the facts upon which such indebtedness is based, where such facts are pleaded in the petition, is merely a denial of the conclusions of law, and is not sufficient to raise an issue of fact.

(Syllabus by the Court.)

*Error from the Probate Court of Canadian County; before J. I. Phelps, Trial Judge.*

*M. D. Libby,* for plaintiff in error.

*George S. Pearl,* for defendant in error.

## STATEMENT OF FACTS.

This is an action begun in the probate court of Canadian county, in which Jennie T. Jackson filed her petition in that court, alleging among other things that she was the owner of certain real estate in her petition described, and that the said Charles F. Green and Minerva L. Meredith had occupied and used the said premises from the first day of April, 1902, until the 19th day of June, 1902, which petition is in words and figures as follows:

(Omitting the caption.) "Comes now the above named plaintiff by her attorney, M. D. Libby, and for cause of action against the said defendants, Charles F. Green and Minerva L. Meredith, alleges:

"That the said Jennie T. Jackson, plaintiff, is the owner and at · all the times hereinafter mentioned was the owner of the following described real estate situated in the county of Canadian, and Territory of Oklahoma, to-wit: Lots one (1) and two (2), in block one hundred and three (103), in the city of El Reno, as shown by the recorded official plat of said city.

"That the said defendants occupied and used the said premises from the 1st day of April, 1902, to the 19th day of June, 1902, with the permission and sufference of this plaintiff; that the said defendants entered into the possession of said premises under lease thereof with this plaintiff, agreeing to pay rent at $50 per month during said lease, the term whereof expired on the 31st day of March, 1902, and thereafter until the said 19th day of June, 1902, the said defendant held over said term without having yielded or surrendered the possession of said premises until the date last above mentioned; that the use and occupation of said premises for said period of time was reasonably worth the sum of one hundred, thirty-one and 66-100 dollars.

"That by reason of the premises there is now due from the said defendants to this plaintiff the said sum of $131.66, no part of which has been paid, with interest thereon from the said 19th day of June, 1902, at the legal rate of 7 per cent. per annum.

"Wherefore the plaintiff prays judgment against the said defendants in the said sum of one hundred, thirty-one and 66-100 dollars, with interest thereon at the rate of 7 per cent. per annum, from the 19th day of June, 1902, and for costs of suit.

"M. D. LIBBY, Attorney for Plaintiff."

"Filed July 31st, 1902.

"J. I. PHELPS, Probate Judge."

To which petition the defendants filed the following answer:

(Omitting caption and title.) "1st. Come now the defendants and admit that the plaintiff is and was the owner of the property in her petition described, and that the defendants occupied the same during the time alleged in the said petition.

"2nd. The defendants deny that they are indebted to the plaintiff in the sum of $131.66 for rent of said premises, and that the use and occupation of the same is worth $131.66.

"GEO. PEARL, Attorney for Defendants."

"Filed September 1st, 1902.

"J. I. PHELPS, Probate Judge."

On this state of pleadings the plaintiff files a motion for judgment on the pleadings, which motion is overruled by the court, and exception saved by the plaintiff. Whereupon plaintiff elected to stand upon his motion for judgment upon the pleadings, and declined to introduce evidence, or proceed further with the trial; whereupon the court rendered judgment for the defendants for costs, to which judgment plaintiff

excepted, now excepts, and brings the cause here for review. Opinion of the court by

IRWIN, J.: The only question to be determined by this court is: Was the action of the probate court in overruling the motion for a judgment on the pleadings, and entering judgment for defendant, such error as would reverse the case?

An examination of this answer will show that it contains two counts. The first one admits the allegations of the plaintiff's petition as to the ownership of the property and the occupancy of the same by the defendants, as alleged in the petition. The second count contains the only denial of the allegations of said petition: This count is a denial that the defendants are indebted to the plaintiff in the precise sum charged in the petition, and denying that the use and occupation of the premises is worth the sum mentioned in the petition. This is clearly what is known in law as a negative pregnant, and we take the rule to be well established that a negative pregnant is no denial at all, and where such a pleading is filed by way of an answer, that the allegations of the petition are treated as admitted. (*Swartzel v. LeBreton,* decided this present term of court.)

The supreme court of Colorado, in the case of *Gale v. James,* 19 Pac. 446, say:

"Plaintiff in an action to recover for labor and services pleaded the common count. The answer denied that the defendant owes the plaintiff the sum of $294.50, or any sum whatsoever on account or otherwise. Held that this was a mere denial of a legal conclusion, insufficient, under the code practice, and that plaintiff was entitled to judgment."

That court in deciding that case uses this language:

"A denial simply of a legal conclusion stated in a common count, without denying the facts from which such conclusions are derived, does not fulfill the requirements of our code practice." And they cite in support of this: (*Watson v. Leeman,* 9 Colo. 200; 11 Pac. 82; Bliss on Code Pleading, sec. 334.)

In the case of *Dillon, Sheriff, v. Spokane County,* 17 Pac. 889, which was an action brought against a sheriff for default in paying over certain taxes, the complaint averring that defendant collected delinquent taxes in certain years, naming them, and fixing a specific sum of money. The answer denied that defendant collected exactly the sum alleged in the complaint. It was there held that such an answer was virtually a confession of plaintiff's cause of action. The court in that case says:

"The only denial   *   *   in the answer is a denial of having collected exactly the sum the complaint alleges, but does not deny having collected any other than the exact sum alleged, whether more or less. This denial is worthless, and, by failure to deny, the defendant confessed the collection of all those sums, less, perhaps, a cent, or it may be a cent more. If there were nothing else in the case, these pleadings would justify the judgment."

In the case of *Swanholm v. Reeser,* 31 Pac 804, the supreme court of Idaho say:

"The denial of indebtedness, without a denial of the facts alleged in the complaint, out of which such indebtedness arose, or follows, is a conclusion of law, and raises no issue of fact."

The petition in this case states facts which as a matter of law, creates a leasing, as claimed in the petition; as, they allege in the petition that the defendants entered into a lease of

the premises with the plaintiff, agreeing to pay rent at the rate of fifty dollars a month, during the terms of the lease, that said lease expired on the 31st day of March, 1902, and that thereafter the said defendants held over said term until the 19th day of June, 1902, without having yielded or surrendered the possession of said premises; that the use and occupation thereof, amounted, under the terms of the lease, to $131.66. We take the law to be well established that a tenant holding over after the expiration of his term, is deemed, in law, to hold over as tenant at the same rental stipulated in the lease. (*Reithman v. Brandenberg*, 4 Pac. 788; *Zepper v. Reppy*, 25 Pac. 164; *Weaver v. Southern Oregon Co.*, 48 Pac. 167.)

But we take this principle to be too well known, and too long established, and to be too well settled as a principle of the law of the land, to make it necessary to encumber this decision, with the further citation of authorities upon this point. This being true, it follows that the petition in this case, pleads a state of facts which, if true, would entitle the plaintiff to recover the amount claimed in her petition. Of these facts, there is, in the answer of the defendant, no denial, as it is admitted that the plaintiff owned the premises, and that the defendant occupied them for the time set forth in the petition. The only allegation amounting to a denial of any part of the petition is, that defendant denies that he owes the exact amount sued for by the plaintiff, and further denies that the use and occupation of the premises is worth the amount claimed by the plaintiff. It seems to us that under this state of pleadings, that the allegation of the reasonable value of the rent of the premises is mere surplusage, and a

denial of a matter which is merely surplusage does not amount to a denial of the material allegations of the petition. On the whole, we think that this answer amounts to nothing more than a negative pregnant, and for the reasons expressed by this court in the case of *Swartzel v. LeBreton*, the judgment of the probate court is reversed and remanded, with directions to that court to sustain the motion for judgment on the pleadings.

Gillette, J., absent; all the other Justices concurring.