## MARSHALL MFG. CO. v. DICKERSON *et al.*

No. 6065.   Opinion Filed February 1, 1916.

(155 Pac. 224.)

1.   **PLEADING—Answer—General Demurrer.** A general demurrer to an answer which contains a general denial should be overruled, under the rule that, if any part of the answer states a good defense, a general demurrer thereto cannot be sustained.

2.   **SAME.** Where an answer contains a general denial, and also such negative pregnants as clearly amount to an admission of the liability of the defendant, such pleading should be met by a motion for judgment on the pleadings, but a general demurrer thereto should be overruled.

3.   **TRIAL—Demurrer to Evidence—Effect as Admission.** A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence. On a demurrer to the evidence the court cannot weigh conflicting evidence, but will treat that evidence as withdrawn which is most favorable to the demurrant.

4.   **CORPORATIONS—Pleading and Proof—Verified Denial.** Sec. 1230, Rev. Laws 1910, provides that: "In all civil actions brought by or against a corporation, it shall not be necessary to prove on the trial of the cause the existence of such corporation, unless the defendant shall in his answer expressly aver under oath that the plaintiff or defendant is not a corporation." The meaning of this section is that a general denial is not sufficient, and that, unless the defendant shall in his answer affirmatively aver (state, allege) under oath that the plaintiff is not a corporation, it shall not be necessary on the trial to prove the existence of such corporation.

(Syllabus by Robberts, C.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Action by the Marshall Manufacturing Company, a corporation, against E. J. Dickerson and another, a copartnership doing business under the firm name of E. J. Dickerson. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Baldwin & Carlton*, for plaintiff in error.

*McLain Taylor* and *T. G. Cutlip*, for defendants in error.

Opinion by ROBBERTS, C.  This is an appeal from a judgment of the district court of Pottawatomie county, wherein the plaintiff in error, who was also plaintiff below, brought an action against the defendants, as co-partners, doing business under the firm name and style of E. J. Dickerson, on an open account, duly verified, for goods and merchandise sold and delivered by plaintiff to defendants.  The petition alleges that plaintiff is a corporation, with the other usual allegations for recovery in such cases.  Personal service of summons was had upon defendant Dickerson, and service by attachment and publication on defendant Hubbard.

After various motions had been disposed of, defendant Hubbard answered as follows:

"And now comes J. F. Hubbard, and for his separate answer to the petition of plaintiff alleges and states:

"(1) That he denies each and every allegation, averment, and statement in said petition contained, and each paragraph therein and thereof, except that which is hereinafter specially admitted.

"(2) This answering defendant admits, for want of knowledge, that the plaintiff is a corporation organized under the laws of the State of Texas.

"(3) This answering defendant specially denies that during the year 1912 the defendant E. J. Dickerson and this answering defendant were partners in a peach orchard, and specially denies that they were doing business under the firm name and style of E. J. Dickerson, and further expressly denies that a copartnership of any kind was existing between the defendant E. J. Dickerson and

this answering defendant any time during the year 1912 or subsequent or prior thereto.

"(4) This answering defendant specially denies that E. J. Dickerson and this answering defendant ordered goods, wares, and merchandise from said plaintiff for the use and benefit of said copartnership, or that the said plaintiff delivered goods to this answering defendant, as a member of the corporation of E. J. Dickerson, and specially denies that this answering defendant received or used in any manner any goods, wares, or merchandise sold by this plaintiff to this answering defendant as a member of the copartnership styled E. J. Dickerson.

"(5) This answering defendant further specially denies that any demand whatever, by any one, was ever made upon this answering defendant for the payment of goods, wares, and merchandise charged to the copartnership of E. J. Dickerson, and specially denies that this answering defendant is in any wise indebted, in any manner or in any sum or amount, to the plaintiff in this action, as a copartner of the copartnership of E. J. Dickerson."

And the defendant Dickerson answered as follows:

"Comes now the defendant E. J. Dickerson and for his answer to plaintiff's petition denies each and every material allegation and statement contained therein which is not hereinafter admitted.

"Denies that the baskets bought by him of the Marshall Manufacturing Company were bushel baskets, as represented and stated in their itemized account turned over by them to this defendant, but alleges the facts to be that the basket bought by him of said company held only seven-eights of a bushel. He therefore denies that he is indebted to said company in the sum of $1,065.01, as set out in their petition for bushel baskets, or that he is indebted to them in any sum whatever for bushel baskets.

"And he again denies that he is indebted to the firm in the sum of $1,065.01, or in any sum whatever for bushel baskets, or that they ever furnished him, at his instance and request, any bushel baskets for the year 1912."

Both answers were duly verified. The plaintiff then lodged a demurrer to the answer of Hubbard, which was overruled by the court and exceptions saved. After replies to the answers were filed, a jury was impaneled, and the case proceeded to trial. At the conclusion of the plaintiff's testimony, the defendants separately demurred thereto as follows:

"Now comes the defendant J. F. Hubbard and demurs to the testimony introduced on behalf of the plaintiff for the reason that the same does not prove facts sufficient to make a *prima facie* case in favor of the plaintiff and against the defendant J. F. Hubbard, and for the further reason the facts disclosed do not prove or tend to prove a copartnership existing between J. F. Hubbard and E. J. Dickerson, and for the further reason the facts as proven in this case do not prove or tend to prove a cause of action in favor of the plaintiff and against the defendant J. F. Hubbard."

"Comes now the defendant E. J. Dickerson and demurs to the evidence in this case because same fails to show that plaintiff is entitled to recover as they have sued in this action, and for the further reason they have failed to establish their identity as a corporation."

Pending these demurrers the plaintiff moved for a continuance of the case, for the purpose of procuring further evidence as to the incorporation of plaintiff, and also further proof as to the copartnership of the defendants. This motion was denied by the court, exception saved, and the ruling assigned as error. It is well settled that the matter of allowing a continuance is largely

within the discretion of the trial court, and this court will not disturb the ruling thereon, unless there is a plain abuse of that discretion. From our view of the status of this case, as will more fully appear hereafter, we are of the opinion that the court did not commit prejudicial error in refusing the continuance.

The first assignment, "that the court erred in overruling the demurrer of the plaintiff to defendant Hubbard's answer," cannot be sustained, because the demurrer is general, and, if any part of the answer states a defense, the demurrer was properly overruled. The first paragraph, being a general denial, certainly does state a defense. The question as to whether the other parts of the answer, being negative pregnants, amount to an admission of the liability, is a more serious question. While we do not care to pass upon that question at this time, we are inclined to the opinion that, if counsel for plaintiff had moved for judgment on the pleadings, the trial court would have been bound to sustain the motion. That was the practice followed in *Spencer v. Turner*, 5 Okla. 683, 49 Pac. 1012; and *Jackson v. Green et al.*, 13 Okla. 314, 74 Pac. 502. As the case must be reversed and remanded for new trial on other grounds, counsel will have an opportunity to amend his answer if he so desires, and conform the issues, and present the facts in accordance with the law of the case, as laid down herein. This brings us to the fourth assignment, that "the court erred in sustaining the demurrer of the defendant Hubbard to the evidence offered by plaintiff." The grounds of the demurrer are, in substance: (a) "the facts proven are not sufficient to sustain a judgment against defendant Hubbard"; and (b) "the facts proven fail to establish the existence of a partnership between Hubbard and

Dickerson." The rule of this court upon the question in hand is well established. One of the early cases decided by the Supreme Court of the territory, following the Supreme Court of Kansas, is *Jaffray v. Wolf,* 4 Okla. 302, 47 Pac. 496, wherein it is said:

"Upon the demurrer to the evidence, the rule is * * * that all of the adversary's evidence must be admitted as true, * * * and if any legal evidence whatever has been adduced tending to make out the plaintiff's case, the ruling will be in favor of the plaintiff, the demurrer being overruled, and judgment will be rendered accordingly."

In many later cases the Supreme Court of the state have followed this rule, among which cases is *Shawnee Light & Power Company v. Sears,* 21 Okla. 13, 95 Pac. 449, in which the following language is used:

"A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence. On a demurrer to the evidence, the court cannot weigh conflicting evidence, but will treat the evidence as withdrawn which is most favorable to the demurrant."

Bearing this rule in mind, we call attention to the following testimony of the defendant Dickerson:

"Q. Now, Mr. Dickerson, what else did you do with reference to Mr. Hubbard and his peach crop? A. I don't understand. Q. Well, did you ship the peaches? A. Yes, sir. Q. Did he get any of the profits? A. No, sir. Q. Did he stand any of the losses? Yes, sir. Q. Was there any profits? A. No, sir. There were no profits. Q. You say he shared the losses? A. Yes, sir. Q. Now, Mr. Dickerson, did you have, as for you and Mr. Hubbard, did you have any transaction with the plaintiff

in this case? A. I contracted with the Marshall Manufacturing Company for a certain number of baskets. I forget what was the number. Q. You are here handed 'Exhibit A' attached to the petition of plaintiff. Does that show the transaction? A. Yes, sir. Q. How much is still due and owing, Mr. Dickerson? A. The statement calls for $1,065.01. Q. Mr. Dickerson, is this amount correct? A. I am not certain that it is."

The plaintiff's account was verified. The defendant Dickerson testified that he had transactions with the plaintiff, in which he contracted for a certain number of baskets, and that the statement attached to plaintiff's petition shows the transaction. In answer to the question as to how much was still due and owing on the account, witness says the statement calls for $1,065.01, but says he is not certain that this amount is correct, nor does he deny it. There is a plain admission of the purchase by one of the defendants, and also that plaintiff's statement shows the transaction, and also, in effect, admission of some liability. The rule that the demurrer admits "all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence," renders this proof impregnable as to the demurrer. The contention that "there was no evidence whatever tending to establish a copartnership between the defendants," and thereby a liability of defendant Hubbard, is likewise and for the same reason untenable. The witness testified, among other things, that there were no profits in the business, but that defendant Hubbard shared his part of the losses. This is at least one of the elements or evidences of a partnership, and an inference might, and, unexplained, probably

should, be drawn therefrom that a partnership existed between the parties.

We are clearly of the opinion that the court erred in sustaining Hubbard's demurrer to the evidence. While the sustaining of Dickerson's demurrer to the evidence is not brought here by assignment, we feel that, as the case will be for trial *de novo* in the lower court, it is proper for this court to suggest some matters in regard thereto. It appears from the record that the court sustained this demurrer on the ground that "there was no evidence tending to establish the incorporation of the plaintiff." As we look at the case, no such evidence was necessary under the pleadings. The petition alleges the incorporation of the plaintiff. The only answer to that allegation is in the general denial, which is not sufficient to join an issue thereon. Section 1230, Rev. Laws 1910, provides:

"In all civil actions brought by or against a corporation, it shall not be necessary to prove on the trial of the cause the existence of such corporation, unless the defendant shall in his answer expressly aver under oath that the plaintiff or defendant is not a corporation."

The concise meaning of this section is that, unless the defendant shall in his answer expressly aver (state, allege) under oath that the plaintiff is not a corporation, it shall not be necessary on the trial to prove the existence of such corporation. In volume 5, Pl. & Pr. p. 78, we find the following:

"The weight of authority is to the effect that the general issue pleaded operates as an admission of the plaintiff's corporate existence, and relieves a plaintiff company of the necessity of proving its existence as a corporation."

Again:

"Most of the decisions under the Code hold that a general denial does not put in issue corporate existence."

In *National Life Ins. Co. v. Robinson, Adm'x*, 8 Neb. 452, 1 N. W. 124, the court says:

"Life insurance company, a corporation, brought an action to foreclose a mortgage against A., making B., the holder of a subsequent judgment lien against A., a defendant. B. put in an answer consisting of a general denial. *Held*, that such answer did not put in issue the corporate character of the corporation, or its power to sue in said court."

In *Crane Bros. Mfg. Co. v. Morse*, 49 Wis. 368, 5 N. W. 815, it is said:

"Where the complaint alleges that plaintiff 'is a corporation duly organized under the laws' of a foreign state, an answer that defendant 'has no knowledge or information sufficient to form a belief' concerning such allegation, 'and therefore denies the same,' is insufficient, under the statute, which requires plaintiff's corporate character to be specifically denied."

We also call attention to the case of *Leader Printing Co. v. Robert Lowry*, 9 Okla. 89, 59 Pac. 242, wherein, in the latter part of the third paragraph of the syllabus, we find the following:

"The point that plaintiff is not a corporation should be raised by a special plea in the nature of a plea in abatement. If it is not so raised before pleading to the merits, the question is waived. By pleading to the merits a defendant admits plaintiff's capacity to maintain the action."

A careful reading of the last-mentioned case will prove of value to parties having this question under con-

sideration.   See, also, 10 Cyc. 1356 *et seq.; Boyce v. Modern Woodman*, 14 Okla. 642, 78 Pac. 322; *Jantzen v. Baptist Church*, 27 Okla. 473, 112 Pac. 1127, Ann. Cas. 1912C, 659; *First Nat. Bank v. Loyhed*, 28 Minn. 396, 10 N. W. 421; *Concordia Savings & Aid Ass'n v. Read*, 93 N. Y. 474; *Stier v. City of Oskaloosa*, 41 Iowa, 353; *Sparks v. Accident Ass'n*, 100 Iowa, 458, 69 N. W. 678; *Swift v. Crawford*, 34 Neb. 450, 51 N. W. 1034, and footnotes cited.

From the foregoing it is apparent that the trial court erred in sustaining the demurrer of defendant Hubbard to the evidence of plaintiff.

The judgment should be reversed as to all parties, and remanded to the district court of Pottawatomie county for new trial *de novo* in accordance with the holdings herein.

By the Court: It is so ordered.