## BOEPPLE et al. v. ESTILL.

No. 26299.   Oct. 8, 1935.

Otjen & Carter, for plaintiffs in error.

McKeever, Stewart & McKeever, for defendant in error.

BUSBY, J.  This case comes to us on appeal from the district court of Garfield county, Okla. The question presented is whether the trial court properly sustained a general demurrer to an answer containing a general denial.

The record reflects the following facts: The action is one in ejectment. It was commenced in the district court by Elmer Estill, as plaintiff, against Frederick Boepple and Regina Boepple, as defendants. The plaintiff in his petition alleged that he was the owner of certain described real estate situated in Garfield county. He deraigned his title asserting that he acquired the same by appropriate conveyance made to him by the Albright Title & Trust Company and that the Albright Title & Trust Company derived its title through a sheriff's deed executed to it as purchaser at a mortgage foreclosure sale conducted in connection with a mortgage foreclosure action in which it (the Albright Title & Trust Company) was plaintiff. Plaintiff also asserted that the defendants were wrongfully withholding possession of the real estate involved in the action. Other associated facts are set forth in the petition which need not be reiterated herein.

Plaintiff prayed judgment for possession of the premises and for confirmation of plaintiff's title in and to said premises and for $500 damages for the alleged wrongful withholding of possession by the defendants.

It is not disputed that the plaintiff's petition states a good cause of action in ejectment.

Thereafter the defendants filed their verified answer, consisting of a general denial, certain specific admissions, and setting forth certain asserted facts in the form of an affirmative defense.  The answer, omitting

certain immaterial portions thereof, reads as follows:

"Comes now the defendants and for their answer to the petition of the plaintiff on file herein deny each and every material allegation in said petition contained, save and except those hereinafter specifically admitted.

"Defendant admits that foreclosure action was commenced on the premises involved in the district court of Garfield county and that a purported sheriff's deed was thereafter issued to the Albright Title & Trust Company. That defendants state that during the pendency of said action and prior to the time their statutory period of redemption had expired the said Albright Title & Trust Company, through its officers and agents, represented to these defendants that they would not be pushed, that the statutory time to redeem would not be insisted upon and defendants state that they believed and relied upon such assurance.

"Defendants further state thereafter and relying upon such assurance they continued to reside upon said premises and to operate the same as a farm. * * *

"Defendants further state that they are still residing on said premises and farming and operating the same. * * *

"Defendants further state that said plaintiff claims to have expended $7,100 on said property, and that these defendants herewith offer to exercise their equity of redemption and to redeem said premises by paying the plaintiff herein the sum of $7,100, together with such additional amount as the court may find equitable to compensate said plaintiff for such time and trouble expended by him.

"Wherefore defendants pray that they may be permitted to exercise their right of redemption and that plaintiff take nothing by his action herein, and that these defendants have such other and further relief as to the court may seem equitable in the premises."

The plaintiff challenged the legal sufficiency of the foregoing answer by demurrer thereto on the ground that the same did not constitute a defense to the cause of action set forth in plaintiff's petition. The trial court sustained the demurrer. Whereupon the defendants elected to stand upon their answer, and the trial court thereafter permitted the plaintiff to introduce evidence, upon which it rendered judgment in accord with the prayer of the plaintiff's petition except for the item of damages, which was not incorporated in the judgment.

Section 593, O. S. 1931, relates specifically to pleading in actions in ejectment and reads as follows:

"It shall be sufficient in such action, if the defendant in his answer deny generally the title alleged in the petition, or that he withholds the possession, as the case may be, but if he deny the title of the plaintiff, possession by the defendant shall be taken as admitted. Where he does not defend for the whole premises, the answer shall describe the particular part of which defense is made."

The general denial contained in the defendants' answer does not in its verbiage conform precisely to the requirements and suggestions of the foregoing statute in that it does not indicate whether the defendants are thereby denying the title or that they withhold possession. However, since in the subsequent portions of the answer the defendants admit that they are in possession of the premises involved in the action, it is obvious that the purport of the general denial is to dispute the title or alleged title of plaintiff.

In this jurisdiction it is essential that the plaintiff in an ejectment action allege and prove: (1) His title; (2) his right of possession; and (3) wrongful possession of defendant. Gentry et al. v. McCurry et al., 134 Okla. 182, 273 P. 222. Similarly the plaintiff must prevail upon the strength of his own title and cannot rely upon the weakness or want of title in the defendant. Hurst v. Sawyer, 2 Okla. 470, 37 P. 817; Haymes et al. v. McDermott et al., 125 Okla. 147, 256 P. 908.

A general denial traverses each of the material allegations in the plaintiff's petition. Under it in an ejectment action all defenses legal and equitable may be proved. Stanfield v. Lincoln et al., 150 Okla. 289, 1 P. (2d) 387; Eller v. Noah, 66 Okla. 222, 168 P. 819; Unussee v. McKinney et al., 133 Okla. 40, 270 P. 1096.

This brings us to a consideration of an answer such as the one involved in the case at bar, which, in addition to a general denial, contains allegations and statements of fact purporting to constitute an affirmative defense. Assuming without deciding that the additional statements contained in the answer filed in the case at bar did not in fact constitute a defense to the cause of action set forth in the plaintiff's petition, and assuming further that some of the statements therein contained operated to qualify the denial to such an extent that they indicated the nonexistence of any defense, we are confronted with a pure question of pleading as to the proper method of attacking such an answer. In the case of Marshall Mfg. Co. v. Dickerson et al., 55 Okla. 188, 155 P. 224,

this court treated a similar problem and announced the following applicable rule of law in paragraph 2 of the syllabus:

"Where an answer contains a general denial, and also such negative pregnants as clearly amount to an admission of the liability of the defendant, such pleading should be met by a motion for judgment on the pleadings, but a general demurrer thereto should be overruled."

The theory of the rule is that, since a demurrer admits the truth of all parts of the answer for the purpose of the demurrer, if any part of the answer states a good defense, the demurrer should be overruled; that inasmuch as a general denial does state a good defense, a demurrer thereto cannot properly be sustained. It is indicated in the body of the opinion in that case that the proper method of attacking such a defective pleading is by motion for judgment on the pleadings.

In considering the application of the rule announced in Marshall Mfg. Co. v. Dickerson et al., supra, it is inevitable that there can be no logical distinction between a negative pregnant which amounts to an admission and a statement of facts which, by inference, likewise amounts to an admission. So, under that case, followed to its logical conclusion, it may be said that when an answer, in addition to a general denial, contains an asserted affirmative defense embracing admissions of fact which qualify the general denial to such an extent that they demonstrate the nonexistence of a defense, a motion for judgment on the pleadings might entitle the plaintiff to judgment, but a demurrer to the answer should not be sustained.

Applied to the case at bar, it demonstrates the error of the trial court, for, even though we should determine upon examination that the affirmative matters set forth in the answer in this case were insufficient to constitute a defense, and should further determine that the admissions therein contained so far qualified the general denial as to demonstrate the nonexistence of any defense, still, in view of the fact that a general denial is embraced in the answer, the demurrer should be overruled and the attack should have been made by a motion for judgment on the pleadings.

Personally, the writer of this opinion is not entirely satisfied with the soundness of the rule announced in Marshall Mfg. Co. v. Dickerson et al., supra, and would be inclined to advocate a departure from that rule if the facts in this case justified the conclusion that the admissions contained in the answer conceded all of the material issues that might be presented under a general denial. This case, however, does not present such a situation. While the answer admits the execution of a "purported sheriff's deed" to the Albright Title & Trust Company without admitting the validity thereof or the legal effect of that deed to operate as a conveyance, it does not admit the acquisition of title by the plaintiff from the Albright Title & Trust Company, unless we should construe the offer to redeem contained in the answer as such an admission on the theory that the defendants would be doing a foolish thing to offer to redeem from a person who has no interest in the premises.

However, the conjecture that this offer to redeem constitutes an admission by implication of title in the plaintiff is not tenable for the obvious reason that it is just as consistent with the offer to redeem that the plaintiff held only a mortgagee's right by assignment as that he may have acquired a title which would authorize him to demand possession of the premises. It seems clear under this pleading as it now stands the title of the plaintiff is in dispute by virtue of the general denial and that the answer contains no admission by inference or otherwise which is inconsistent with the defendants' right under the pleading to dispute the title. We have already seen that the plaintiff must rely upon his own title and must prove the same in order to prevail. So, even though we should depart from the rule announced in Marshall Mfg. Co. v. Dickerson, supra, we would still be impelled to hold that the demurrer to the answer should have been overruled by reason of the presence of a general denial in the answer.

In what we have thus far said, we have considered only the legal effect of that portion of the answer constituting a general denial. We have not passed upon the sufficiency of the other portions of the answer to constitute a defense to the ejectment action.

Inasmuch as this case must be retried in the court below, we would be inclined to consider that feature of the case if it were not for the fact that the brief of the defendant in error as presented to this court, while asserting that the affirmative statements in the answer do not constitute a defense, fails to support such assertions by the citation of authority or to state that such authorities cannot be found.

The judgment of the trial court is reversed and remanded, with directions to proceed in

a manner not inconsistent with the views herein expressed.

McNEILL, C. J., and RILEY, PHELPS, and CORN, JJ., concur.