ALDRICH and another, Appellants, vs. SKYCOACH AIR LINES AGENCY OF MILWAUKEE, INC., Respondent.

*April 6—May 4, 1954.*

582

584

586

For the appellants there were briefs by *Becker, Kinnel, Doucette & Mattison* of Milwaukee, and oral argument by *James R. Mattison.*

For the respondent there was a brief by *Wood, Warner, Tyrrell & Bruce,* and oral argument by *T. L. Tolan, Jr.,* and *Jackson M. Bruce,* all of Milwaukee.

GEHL, J. That the parties agree that the word "Skycoach" may be appropriated as a trade name and is not in the public domain appears from the fact that each of the principal parties claims the exclusive right to its use.

It appears from the foregoing statement of facts that New York Skycoach was the first to use the trade name in Wisconsin; that until after trial it had not been licensed to do business in Wisconsin as a foreign corporation; and that

whatever right the defendants, Milwaukee Skycoach and Mitchell, have to the use of the name was acquired by the assignments referred to in the findings.

In 1950, when New York Skycoach opened its office in Milwaukee, there was in effect sec. 226.02 (1), Stats. 1949, which provided:

"No foreign corporation shall transact business or acquire, hold, or dispose of property in this state until it shall have filed in the office of the secretary of state . . ." certain documents.

That section was repealed by ch. 731, Laws of 1951. However, there was created by the same act sec. 180.801 (1), Stats., which provides:

"A foreign ,corporation shall procure a certificate of authority from the secretary of state before it shall transact business in this state or acquire, hold, or dispose of property in this state. . . ."

Plaintiffs urge that the right to the exclusive use of a trade name is property which, by virtue of the quoted statutes, New York Skycoach could not hold, acquire, or dispose of in Wisconsin. The precise nature of the right in a trade name is a matter of great dispute. The courts do not agree that it is property in any sense. Many authorities hold to the doctrine that the appropriator of a trade name acquires no property by such appropriation; that the owner's right is to protect the goods or enterprise to which the name is applied from unfair competition, a right enforceable in an action of the nature of one in tort. 3 Callmann, Unfair Competition and Trade-Marks (2d ed.), p. 991 *et seq.,* sec. 66.3. Whether it be considered as property for any purpose, we doubt, without being required to hold, that the intangible right to the use of a name is the kind of property which the legislature had in mind in the enactment of either of the statutes.

Plaintiffs served and filed a complaint, two amended complaints, and a reply to the counterclaim of Milwaukee Skycoach. In none of these pleadings is there a suggestion that New York Skycoach had not been licensed to do business in Wisconsin and therefore was ineligible to acquire, hold, or dispose of property in the state. Their offer to prove the lack of license was objected to upon the ground that the issue had not been pleaded. The objection was overruled. Even at that stage plaintiffs made no effort to amend their pleadings so as to allege the failure of New York Skycoach to obtain a license to do business in this state. In each of their pleadings they allege ownership of the name and base their claim to the right to use it upon an assignment thereof to them by New York Skycoach which they now contend never had any interest in it.

"It has been generally held that the issue of corporate existence of a plaintiff or defendant corporation cannot be raised by a general denial, but that, in order to raise the issue, the corporate existence of the plaintiff or defendant must be specifically denied." Anno. 55 A. L. R. 510.

The rule is embodied in our statutory law:

"In an action or proceeding by or against any corporation, it shall not be necessary to prove the existence of such corporation unless its existence is specially denied by an answer, duly verified." Sec. 328.31, Stats.

The issue is not raised by a general denial, *Williams Mower & Reaper Co. v. Smith,* 33 Wis. 530, nor is a denial upon information and belief sufficient, *Crane Bros. Manufacturing Co. v. Morse,* 49 Wis. 368, 5 N. W. 815. True, neither the rule nor the statute can be said to apply precisely to the issue here raised. It seems, however, that the reason for the rule, that which calls for its recognition, should be considered here. Our code permits of rather loose pleading, but underlying all of its provisions there is the purpose, at

least implied, to relieve a party from the necessity of preparing to meet objections and contentions on the trial unless notified by the pleadings that the opponent intends to rely on them.

"The primary purpose to be served by pleadings is to acquaint the court and the parties with the facts in dispute. The plaintiff is expected to state truthfully his cause of action. The pleadings should point out the actual issues to be settled, giving notice to the parties of the claims, defenses, and cross demands of their adversaries." *Trampe v. Wisconsin Telephone Co.* 214 Wis. 210, 214, 252 N. W. 675.

The peculiar facts of this case seem to demonstrate the need for a rule which requires that a claim such as is here made should be pleaded. As we have pointed out, plaintiffs claim the right to use the name by virtue of an assignment made to them by a corporation which they now insist never had any interest in the right. Defendants cannot be said to have suspected that plaintiffs would attack the source of their title. Had the issue been pleaded defendants might well have contended that plaintiffs acquired nothing from one who had no more. Had it been pleaded defendants might have urged and shown that the transactions of New York Skycoach in Wisconsin were in interstate commerce to which sec. 180.801 (1), Stats., does not apply. *Standard Sewing Equip. Corp. v. Motor Specialty,* 263 Wis. 467, 57 N. W. (2d) 706. We hold that plaintiffs' omission to plead the failure of New York Skycoach to have obtained a license to do business in Wisconsin precludes them from urging that issue either as a part of their complaint or as their reply to the counterclaim.

It follows, therefore, that we must treat this appeal as though New York Skycoach had legal title to the use of the name with the right to assign it to the plaintiffs or either of them, and that we must determine what, if any, right to its use was assigned to them.

From April to October, 1950, Mrs. Aldrich was engaged by New York Skycoach as manager of its Milwaukee office, receiving a monthly salary and commission. On October 18, 1950, the plaintiffs and New York Skycoach entered into several written agreements which the trial court found to be "an agreement designating the plaintiffs as the Milwaukee representatives of New York Skycoach for the exclusive sale by . . . [them] in the Milwaukee area of tickets through New York Skycoach." The court also found that "New York Skycoach did not assign the trade name Skycoach to the plaintiffs." Neither of these findings is attacked by plaintiffs. Absent such attack they are conclusive and, of course, are a determination that plaintiffs acquired no irrevocable right to the use of the name. We should add that we have examined the record, particularly the agreement made on October 19, 1950, and that we are of the opinion that plaintiffs failed to meet the burden which, of course, was theirs to establish that New York Skycoach at any time irrevocably assigned the name to them.

Plaintiffs attack finding 13, that the parties expected plaintiffs to use and advertise the name "Skycoach" so long as plaintiffs did business with the Skycoach organization. The relation between the parties was created and continued as that of principal and agent. It follows necessarily that the right in the plaintiffs to use the name terminated when the relationship ceased. The finding is no more than an inescapable inference made from the facts as found by the court.

*By the Court.*—Judgment affirmed.

STEINLE, J., took no part.