# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1878.

PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. DAVID J. BREWER,

---

### DANIEL K. MOORE, et al., v. J. B. EMMERT.

1. ABUSE OF DISCRETION, Not in Allowing Answer to be Filed. The petition was filed September 9th, 1874; on January 18th, 1875, an answer containing a general denial and an allegation of a defect of parties plaintiff was filed; at the April term of court for 1875, the death of a party named in the petition was suggested; and on April 17th, 1875, plaintiff filed an amended petition, making all the heirs of such party plaintiffs. At this term, a written stipulation was signed and filed by the counsel, to the effect that if the case was continued it should be tried on its merits at the next term. *Held*, No abuse of discretion for the court to allow an answer to be filed at the next term to said amended petition; and *held*, that the filing of the answer was not in violation of the written stipulation.

2. ERROR, Not in Refusing Application to Verify Reply. After a trial is had before a referee, and the report of the referee of his conclusions of fact and law has been filed, and the answer contains allegations of authority and agency in due form which are not controverted by a verified reply, and it does not appear that the verification of the reply was waived on the trial, *held*, not error for the court to refuse an application to verify the reply pending the hearing of motions to confirm and vacate the report.

1—21 KAS.

3. ERRORS UNPRESERVED IN THE RECORD, *Will Not be Noticed.* Before the supreme court will review the action of the district court in overruling a motion to vacate the report of a referee, the record must show the grounds or reasons contained in the motion upon which the court was asked to set it aside. Where the record is silent as to these reasons, the supreme court is bound to presume there was no error.

4. ERROR, *Not in Treating Allegations of Authority as True, when Reply was Not Verified.* In an action for trespass in cutting down and carrying away wood and timber, where the defense is pleaded that the supposed trespasses were done under and by the authority of M., who was acting as the agent for all the plaintiffs, and was duly authorized so to do, and the reply was not verified, and it nowhere appears by the record that the verification is waived, *held,* the district court committed no error, on a motion to confirm a referee's report, in treating the allegations of authority and agency as true.

*Error from Douglas District Court.*

ACTION for trespass in cutting down and carrying away wood and timber. The defense pleaded, in addition to a general denial, was, that the supposed trespasses were done under and by the authority of one Levi K. Moore, who was the executor under the will and an heir-at-law of Elias N. Moore, deceased, and who was acting as agent for all the plaintiffs, and was duly authorized so to do; and that defendant had fully paid said agent for all wood and timber taken, and for the use of the land described in the petition; and, moreover, that the supposed trespasses were committed under and by the direction of the administrator of Mahlon K. Moore, who had at his death the possession of the real estate, and had so had possession thereof for several years prior to his death; and that said administrator had full charge and control of said land.

The case was tried before a referee upon the amended petition, an amended answer, and a reply. The district court, at October Term, 1875, confirmed the referee's report, and adjudged that the defendant *Emmert* go hence without day, and that he recover of the plaintiffs his costs. The plaintiffs bring the case here for review.

*L. W. Hover,* for plaintiffs in error:

The filing of the new answer was certainly in violation of the stipulation to "try on the merits." That it is the duty of courts to enforce the stipulations of parties in such case has been already ruled by this court: 15 Kas. 88; 7 Kas. 308; also, 1 Parsons on Contracts, 117; 10 Cal. 216.

If the court shall hold with us in what we have just said, the second assignment of error becomes immaterial, for no reply was required to the original answer; but, if otherwise, still the parties having tried the case without objection on account of the fact that the reply was not verified, the case is brought fully within the repeated decisions of this court. (17 Kas. 173; 16 id. 190, 266, 346, 388; 14 id. 336; 9 id. 177, 189, 90; 4 id. 42.)

If the court holds that it was no error of the district court to allow the filing of the amended answer after the stipulation made to "try on the merits," then the case stands here as it was tried by the referee.

The timber severed from the land and still remaining thereon had not changed its ownership, and was still the property of the plaintiffs. (Addison on Torts, Wood's ed., §§ 484, 524, 533, 421, 461; 1 Washb. on Real Property, 138, 140, 142; 2 Washb. on Real Property, 690; 51 Barb. 225; 10 Cal. 547; 2 Estee on Pl., 348, notes 1 and 2.)

There is no sufficient proof of the authenticity of the letter purporting to have been written by Levi K. Moore to Henry Leonard, and which was by the referee admitted in evidence; and even though it were proved to have been written by said Moore, still, he being dead, the letter is inadmissible, in consequence of § 322 of the code. (16 Kas. 32; 4 id. 219.)

The language of the will of Elias N. Moore is: "It is my will, and I do order, that my . . . executors or the survivors of them shall, as soon as they conveniently can, sell at public sale all my real estate," etc.

1 Williams on Executors, page 578, reads: "A power in a will to sell lands, is not taken by executors as executors, but

as trustees. It has been a subject of some discussion in what cases executors take a fee-simple in trust to sell under a will, or are intrusted merely with a power of disposition. The distinction resulting from the authorities appears to be this: that a devise of *land to executors to sell* passes the interest in it; but a devise that executors *shall sell the land*, or that *lands shall be sold by the executors*, gives them but a power."

On page 576, the same author says that the right of possession, and the right to sue, is in the heirs, and not in the executors. See also, 3 Washb. on Real Property, 615, 616; 1 Redf. on Wills, 412, 416, 426; 2 Washb. on Real Property, 437, 444, 445, 446; 6 Mass. 37; 5 Paige, 596; 19 Pick. 67; 8 Metc. (Mass.) 424; 10 id. 170; 17 Ill. 135.

*S. O. Thacher*, for defendant in error:

There are four assignments of error, as follows:

1. In granting leave to defendant to file answer.

2. Refusing leave to plaintiffs to verify reply.

3. Refusing to set aside report.

4. Entering judgment for defendant in error on report of referee.

1st. The errors complained of in the first and second assignments, conceding there was any error, cannot avail the plaintiffs in error, since there was no motion for a new trial based on them. (Sec. 306 of the code, subdivision 8; §§ 308, 309, 532; *Lacy v. Dunn*, 5 Kas. 567.)

2d. But if the court should feel disposed to open the record, it will find that there was no error in either of these matters. The plaintiffs amended their petition, and to this amended petition the court allowed the defendant to answer as he did. This, of course, was purely a matter of discretion on the part of the court, and there is nothing at all in the "stipulation" spoken of, inconsistent with the permission given to the defendant. It waived defect of parties plaintiff, and questions of pleading, and consented to trial on "the merits." Besides, the plaintiffs took issue by filing their reply to this answer, and went to trial.

3d. The refusal of the court to allow the plaintiffs to verify their reply came up for hearing after the cause had been referred and tried by a referee, and while the court was passing on the motions of the parties, respectively, to confirm and set aside the report. The defendant plead, in this answer, authority and agency in one of the Moore heirs, Levi K. Moore, for all the rest, to act for them, and that the supposed trespasses complained of in the petition were done under his direction and authority. The plaintiffs did not controvert this by any verified reply, and so it stood as true. The cause was referred, and tried on the pleadings, and there was no attempt to verify the reply to this answer until the report of the referee came up for final disposition. The reason for asking the court to allow this amendment to the reply is not stated in the record, and hence this court is bound to presume there was no error. If the reply had been verified then, it would not have at all changed the findings of fact.

4th. It is claimed in the third assignment of error that the court erred in refusing to set aside the referee's report. As the record brought here does not claim to present all the evidence, or indeed any of the evidence on which the cause was tried, but only certain evidence used on the hearing of the "verbal motion" to set aside the report, on what ground, or for what reason, the court was asked to vacate the referee's report, the record is entirely silent, and this court is not informed. How can error be predicated on a bald verbal motion to set aside a referee's report, no reason or intimation being given why it should be done?

5th. And this brings us to the last assignment of error, to wit: Do the pleadings and findings of facts by the referee justify the judgment for the defendant? Mahlon K. Moore at an early day conveyed the land in question to his father, Elias N. Moore, but it does not appear that possession was ever taken by the grantee; in fact, it was not, but Mahlon, either in person or by agent, had possession of the land both before and after his father's death, which happened in 1864, up to his own death in 1872. He died intestate, and without wife or children, of course leaving his mother, who survived

him, his heir. Of course, Mahlon K. Moore was at the very least a tenant in common with the heirs of Elias N. Moore of the land in question, or was entitled to a distributive share of the proceeds of the sale of said land when it should happen. As a matter of fact, and I think from the above it is pretty fairly inferable, this land was never considered by Mahlon K. Moore, nor by his father, nor any of the heirs, the property of Elias N. Moore. It was used and treated by Mahlon as his own. And from the date of his deed to his father to his death, about ten years, the father took no thought or care about this land. Before Mahlon Moore's death he was busy in clearing the land, cutting off wood and timber, disposing of the same as he saw fit. At his decease Leonard was appointed administrator, and took possession of what the decedent left, including the land in question, and wood and timber cut upon it. He at once put himself in communication with the heirs of the deceased, and received from one who was both heir and executor of Elias N. Moore, directions as to the land and what to do with it, and he received from Levi Moore, one of the executors of Elias N. Moore, and an heir also, the letter found in the report of the referee. This letter clothed Leonard with full power to act in the premises as his "own judgment" should dictate. Leonard, acting under these instructions, sold wood to Emmert, as set forth in referee's report.

Now, if, as counsel claims in his brief, and I shall presume it to be so, the Moore heirs, including Levi Moore, are tenants in common of the land, then it follows that all Leonard's acts, if done by consent and direction of one of the co-tenants, are innocent as against all the owners.

That a defense as against one co-tenant is good against all, is firmly established. (2 Hilliard on Torts, 308, note *a*; *Berthold v. Fox*, 13 Minn. 502–7; *Austin v. Hall*, 13 Johnson, 286; *Decker v. Livingston*, 15 Johnson, 481; *Grossman v. Lauber et al.*, 29 Ind. 621, 622; *Baker v. Wheeler*, 8 Wend. 505; *Austin v. Ahearne*, 61 N. Y. 6–14; *Russell v. Allen*, 13 N. Y. 173.)

The authority cited by counsel in Addison on Torts is

plainly contradicted by the same author, (pp. 1145–85, 4th ed.,) for he there expressly avers that in trespass all joint tenants and tenants in common must join. (37 N. Y. 372.)

This is really all there is in the case that demands notice.

The opinion of the court was delivered by

HORTON, C. J.: There are four assignments of error in this case, viz.: *First,* In granting leave to defendant to file his answer, January 22d, 1876; *second,* refusing leave to plaintiffs to verify reply; *third,* refusing to set aside the referee's report; and, *fourth,* entering judgment for defendant in error, whereas, according to the law and the facts, it should have been for the plaintiffs.

I. The original petition was filed September 9th, 1874; to this petition a demurrer was filed, October 6th, 1874. On January 18th, 1875, an answer was filed, containing a general denial and an allegation of a defect of parties plaintiff. At the April term of 1875, and on April 17th, the death of Levi K. Moore was suggested, and the plaintiffs then filed an amended petition *instanter,* making the heirs of said Moore and one Mary Moore plaintiffs. At this term of court, the following stipulation was signed and filed in the case:

"It is agreed that if the Moore cases are continued, all shall be tried on their merits next term, and that the stipulation signed before amended petitions were filed in Lacy v. Thacher et al. shall be read in evidence in all the cases on the trial, and that the new parties plaintiff in each of the cases are heirs-at-law of Levi K. Moore, deceased. This applies to Nos. 3157, 3156, 3158, 3320, on trial docket of this court, May 18, 1875.                THACHER & STEPHENS.
                                                L. W. HOVER."

On January 22d, 1876, and during the next term, the court permitted defendant to file an answer to the amended petition.

Plaintiffs contend that the filing of this answer was in violation of the written stipulation of May 18th. Such is not the fact. No answer had been filed to the amended petition of April 17th, 1875, at the date of the stipulation, and

the action of the court in permitting an answer to be filed at the succeeding term was not an abuse of its discretion. It did not prejudice the rights of the plaintiffs, nor was it in conflict with the agreement. It does not seem to have been the occasion of any delay or the reason of a continuance. While it is true that the plaintiffs wished to strike the answer from the files, yet, when the motion to that end was overruled they obtained leave to file a reply, and filed one on January 24th, 1876. Then on January 27th, by the consent of counsel, the case was referred to R. J. Borgholthaus, Esq., to hear and determine the issues joined, and report the conclusions of fact and law to the court. The plaintiff participated in the trial before the referee. In any view of the case, the first assignment of error must be overruled.

II. In the answer filed on January 22d, 1876, among other things, the defendant alleged, as a defense to the acts of trespass for which damages were claimed, that the same were done under and by the authority of Levi K. Moore, who was acting as the agent for all the plaintiffs, being duly authorized so to do. The reply filed in the case had never been verified, and, pending the hearing of motions to confirm and set aside the referee's report, plaintiffs asked leave to verify their reply, which was denied. No error was here committed. The trial was over. It would not have aided the plaintiffs in any manner, if the leave had then been granted. The application came too late to be considered or to be of any benefit, even if it had been considered and allowed.

III. After the report of the referee had been filed, and the defendant had made a motion to confirm it, the plaintiff made a verbal motion to set it aside. On what ground, or for what reason, the court was asked to vacate this report, the record is silent. We cannot tell upon what question the court below was called to pass. As error is never presumed, and no error is shown, we are bound to suppose there was no error in this respect. A party cannot in this general way make his motions and predicate error on the refusal of the court to sustain them.

IV. As to the fourth assignment of error, even assuming that the allegation is sufficiently definite and sets forth the errors complained of, which is very doubtful, we are unable to reverse the judgment for any reason there given. The record presented to us is in an unsatisfactory condition. It does not claim to present all the evidence, nor can we say therefrom that the cause was tried under such circumstances as to indicate that either the reply or its verification was waived. The only certificate is, that the foregoing is a complete exhibit of the record in this case, so far as desired by counsel, and contains all the evidence presented on the hearing of the cause on a verbal motion to set aside the referee's report. All the presumptions being in favor of the judgment, and the pleadings in the case and the facts found by the referee being amply sufficient to sustain it, no error was committed in rendering the judgment for the defendant.

Many other questions are presented in the brief of the counsel for the plaintiff in error which must be passed unnoticed, because they are omitted from the assignments of error in the petition for review filed in this court, and, even if they had been referred to in such petition, would not now avail, because it does not appear from the record that the attention of the court below was ever called in any proper manner to said alleged errors.

The judgment of the district court must be affirmed.


DANIEL K. MOORE, *et al.*, V. FRED. BRUNE.

DANIEL K. MOORE, *et al.*, V. HENRY LEONARD.

*Opinion by Horton, C. J.:* As it is agreed between the counsel in these cases that they are like the case of *Moore v. Emmert*, just decided, in everything except the amounts involved, and that what is said in one applies to all, we must, on the authority of *Moore v. Emmert*, supra, decide these adversely to the plaintiffs, and hold that the judgment in each case must be affirmed, with costs.

All the Justices concurring.