## L. M. SPENCER v. J. TURNEY & Co.

1. PLEADING—*Negative Pregnant.* In a suit on a promissory note, wherein the plaintiffs alleged the execution and delivery of the note at Fairfield, Iowa, a paragraph of the defendant's answer which alleged: "That said defendant did not execute and deliver at Fairfield, Iowa, to the plaintiffs or either of them the note on which action has been brought and which is set up and described in plaintiffs' petition," is a negative pregnant, which admits the execution of the note, and the place of execution being immaterial this paragraph of the answer presented no defense.

2. PLEADING—*Denial of Indebtedness.* And also, in such an action, a paragraph of the answer stating that: "The defendant denies that he is indebted to plaintiffs in any sum whatever," states no defense, as the plaintiffs did not sue upon an indebtedness, but sued upon a promissory note.

*Error from the District Court of Canadian County.*

*E. J. Simpson,* for plaintiff in error.

*J. C. Robberts* and *John I. Dille,* for defendants in error.

The opinion of the court was delivered by:

BIERER, J. : J. Turney & Co. brought this action in the court below to recover judgment for the principal and interest upon a note which they allege in their petition was made by defendant to plaintiffs at Fairfield, Iowa, on the 7th day of March, 1889, for the sum of $1,363.50, with interest at the rate of 10 per cent per annum, said note being due six months after its date.

The defendant filed a demurrer to the petition, which was overruled, and he then answered in three paragraphs, the first being that the note was barred by limitation and the second and third being as follows:

"*Second*: That said defendant did not execute and deliver at Fairfield, Iowa, to the plaintiffs, or either of them, the note on which action has been brought and which is set up and described in plaintiffs' petition.

"*Third*: The defendant denies that he is indebted to plaintiffs in any sum whatever."

This answer was verified by the defendant.

Plaintiffs moved for judgment on the pleadings, which was granted, and exceptions saved, and defendant contends that this action of the court was erroneous.

It is claimed that the second paragraph of defendant's answer was sufficient to put in issue the execution of the note, and the cases of *Brenner v. Bigelow*, 8 Kan., 496, and *Moore v. Emmert*, 21 Kan. 1, are cited as authority in support of this position. The cases referred to in no way support this claim. The answer is a negative pregnant, which, in effect, admitted that the note was executed as alleged in the petition, but denied its execution and delivery at Fairfield, Iowa. To deny that the note was made at Fairfield, Iowa, implies that it was made at some other place. All that this paragraph of the answer denied was the place of the execution of the note and as the place where the note was made is, in this case, entirely immaterial, nothing that the plaintiff alleged was denied and the pleading tendered no issue. (Bliss on Code Pleading, § 332).

In *Tate v. People*, [Col.], 40 Pac. 471, it was held:

"A denial in an answer that a judgment was assigned for a valuable consideration is a negative pregnant, which admits the assignment but denies the sufficiency of the consideration."

And in *Edgerton v. Power*, [Mont.], 45 Pac. 204, it was stated that:

"An answer which denies that 'the amount of stock'

sold by plaintiff to defendant was ever delivered is defective, because a negative pregnant."

The third paragraph of the answer which denied that the defendant was indebted to the plaintiffs in any sum whatever, also presented no issue. Plaintiffs did not allege an indebtedness, which would have been a conclusion, but they did allege the execution and delivery of a promissory note, which was an allegation of fact, and the defendant failed to deny this fact by attempting to deny a conclusion which plaintiffs had not alleged.

No other question is presented by brief of counsel. The trial court ruled correctly in sustaining the motion for judgment on the pleadings, and the judgment is accordingly affirmed.

All the justices concurring.