## UNDERWOOD v. PURCELL WHOLESALE GROCERY CO.

No. 10821—Opinion Filed Sept. 26. 1922.

(Syllabus.)

1. **Pleading — Answer — Sufficiency — Denial of Conclusion of Law.**

An answer which is merely a denial of an indebtedness, without denying the facts alleged in the petition upon which the indebtedness is based, is merely a denial of a conclusion of law, and raises no issue of fact.

2. **Estoppel — Representations and Conduct.**

If a person by his representations and conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice. the former is estopped, as against the latter, to deny the existence of such state of facts.

Error from County Court, Carter County; M. F. Winfrey, Judge.

Action by Purcell Wholesale Grocery Company against Sid Underwood on account. Judgment for plaintiff, and defendant brings error. Affirmed.

Sigler & Jackson, for plaintiff in error.

Eddleman & Sneed, for defendant in error.

NICHOLSON, J.    The Purcell Wholesale Grocery Company, plaintiff below, brought suit against Sid Underwood, defendant below, to recover the sum of $233.66, for goods sold and delivered, alleging that the defendant was indebted to the plaintiff in said sum. Underwood filed answer denying that he was indebted to the plaintiff in said sum or any other sum. Upon a trial had to a jury, a verdict was rendered in favor of the plaintiff for the amount sued for, upon which judgment was rendered, and from which the defendant has appealed.

The evidence on behalf of the plaintiff, the Purcell Wholesale Grocery Company, was to the effect that it had been selling goods to the Coleman Drug Company, a corporation, at Ardmore; that the traveling salesman for the plaintiff called on the defendant, and that the defendant told him that he

had bought the business of the Coleman Drug Company and was going to conduct the business under the firm name of Coleman Drug Company, and requested the plaintiff to bill the goods out to him in that way, and the salesman reported this conversation to the plaintiff, and the goods for which a recovery is sought were so billed; that the goods were sold upon the faith of the statement of the defendant that he was the owner of said business. and that the plaintiff would not have extended credit to the Coleman Drug Company, a corporation.

The defendant testified that the Coleman Drug Company was a corporation; that he did not purchase the goods personally and that he did not represent to the plaintiff that he was the sole owner of the Coleman Drug Company; that he had since sold his stock in the corporation. However, on cross-examination, he admitted the execution of a bill of sale from Sid Underwood, known as the Coleman Drug Company, by which there was sold and delivered to E. L. Jones and T. J. White the stock of goods. fixtures, etc.; this bill of sale was signed: "Coleman Drug Company, by Sid Underwood, Manager."

The brief of plaintiff in error does not contain any specifications of error as required by rule 16 of this court, but it is argued that judgment should have been entered for the defendant, and the court erred in overruling his motion for an instructed verdict. There is no merit in this contention.

The plaintiff in its petition alleged that "the defendant Sid Underwood was doing business in the city of Ardmore. under the firm name and style of the Coleman Drug Company; that defendant is indebted to plaintiff in the sum of $233.66. for goods. wares. and merchandise sold and delivered to defendant by the plaintiff at defendant's special instance and request. which sum defendant undertook and agreed and promised to pay; that said indebtedness is past due and wholly unpaid." The answer of defendant merely denied that he was indebted to the plaintiff in the sum mentioned or in any other sum. He did not deny that he was doing business as Coleman Drug Company or that he purchased the goods and agreed to pay for them; therefore these allegations of the petition must be taken as true. So we have a situation where the defendant admits that he purchased goods and agreed to pay for them, but denies that he is indebted for them.

When the defendant admitted that he was doing business as the Coleman Drug Company and that he purchased goods of the plaintiff and agreed to pay for them. he is bound to do so. His denial of the indebtedness was merely a denial of a conclusion of law and raised no issue of fact. Jackson v. Green et al., 13 Okla. 314, 74 Pac. 502; Swanholm v. Reeser (Idaho) 31 Pac. 804.

The answer having failed to raise an issue of fact. the plaintiff was entitled to judgment. but the sufficiency of the answer was not challenged by a demurrer or an objection to the introduction of evidence thereunder. Neither was a motion for judgment on the pleadings filed, but the case was tried as though the answer raised an issue of fact. The court instructed the jury, in substance, that if it found from the evidence that Sid Underwood represented to the plaintiff by and through its salesman that he was the owner of the business and was using the trade name of Coleman Drug Company, and this information was communicated to the plaintiff, and upon the representation of Underwood, the plaintiff extended credit to him and sold him goods upon the faith of the statements so made by him, Underwood would be estopped to defend on the ground that the goods were ordered, received, and used by the Coleman Drug Company, a corporation. This insruction fairly states the principle of law applicable to the facts.

If a person by his conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped as against the latter to deny that that state of facts does in truth exist. 16 Cyc. 680.

The jury found for the plaintiff, and as the verdict is sustained by the evidence, the judgment of the trial court will not be disturbed.

The judgment is affirmed.

KANE. JOHNSON. McNEILL, and ELTING, JJ., concur.