## ADAMS v. HINE.

No. 18201.    Opinion Filed June 5, 1928.

(Syllabus.)

1. **Pleading—Action on Note—Insufficiency of Answer Denying Debt in Part as Conclusion.**

Where the action is upon a promissory note, an answer which merely denies indebtedness in part as a conclusion, states no defense.

2. **Same—Averment of Answer as to Effect of Extension of Time of Payment.**

A mere averment that extension of time of payment of a promissory note waived provisions "relative to the option of plaintiff and as to delinquent payments" presents no issue of fact as a defense to an action upon a promissory note.

3. **Pleading—Effect of Motion for Judgment on Pleadings.**

A motion for judgment on the pleadings is in the nature of a demurrer, and has the effect of testing the sufficiency of the pleadings and presenting to the court as a question of law whether the facts alleged constitute a defense to the plaintiff's cause of action.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by A. W. Hine against Spencer Adams. Judgment for plaintiff, and defendant brings error. Affirmed.

J. J. Bruce, for plaintiff in error.

Woodard & Westhafer, for defendant in error.

RILEY, J.   Spencer Adams seeks reversal of a judgment on the pleadings against him in an action on a promissory note, and for foreclosure of a \lien securing the same brought by Hine, a holder in due course.

The answer of Adams contains no general denial, but admits execution of the note sued

upon. The material averments of the answer are considered in order. First: That plaintiff has no right to maintain the action, "for the reason that at the request of defendant and for good cause shown by defendant his time for payment of said note was extended, which extension in effect waived provisions of said note relative to the option of plaintiff and as to delinquent payments." Such averment raises no issue of fact, but asserts merely a conclusion of law. The action was upon a written instrument. Alteration of the provisions of that instrument could be brought about only by another written instrument or an executed oral contract. Section 5081, C. O. S. 1921. The answer fails to allege such facts. Having admitted the execution of the instrument sued upon and indorsements thereon, in the defense selected, in order to prevail Adams must be held to allege and prove a valid subsisting contract, for a valid consideration, in modification of the original instrument. So much of the answer as considered was insufficient.

The answer further set out:

"Defendant further denies that he is indebted to plaintiff in the sum of $270, or the principal sum, or the balance of the principal sum of $450, but avers in this connection that he is indebted to the plaintiff in the sum of only $220."

The averments of the petition showed the principal sum of the note sued upon to be $450, and payments indorsed on the note in the total amount of $180. The arithmetical conclusion is a balance due in the sum of $270. The defendant by failure to deny will be held to have admitted the correctness of the indorsements on the note. No plea of other payments is made. Furthermore, it must be remembered that plaintiff did not declare upon nor allege an indebtedness; allegations of indebtedness in this action would have been conclusions. Here the declaration is upon the execution and delivery of a promissory note, which was an allegation of fact as yet undenied by Adams, who merely attempted to deny a conclusion not even alleged. Spencer v. Turney, 5 Okla. 683, 49 Pac. 1012; Schuber v. McDuffee, 67 Okla. 160, 169 Pac. 642; State v. Ross, 76 Okla. 11, 183 Pac. 918.

Appellant contends a rule of the trial court was violated in considering the motion for judgment on the pleadings prematurely. The rule is not presented, but the judgment rendered recites that the cause "comes on to be heard in its regular order upon the regular jury docket of the June term of the district court of Tulsa county, Oklahoma,"

but that defendant appeared not nor was represented by counsel. The journal entry is not impeached. There is no merit to such contention, for neither defendant nor his counsel should be permitted to delay or defeat justice by their failure to appear. Doubtless the rule did not include such a motion in the stated requirement that motions be filed and remain on file a specified time. On the whole, we think this appeal frivolous, utterly lacking in merit and warranting the motions which were filed by defendant in error seeking dismissal.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and HEFNER, JJ., concur.

Note.—See under (1) 31 Cyc. p. 202; 21 R. C. L. p. 442. (2) 31 Cyc. p. 50; 21 R. C. L. 594. (3) 31 Cyc. pp. 606, 608.