## BROCKMAN et al. v. WESTERN & SOUTHERN LIFE INS. CO.

No. 24222.  Jan. 21, 1936.

Rehearing Denied March 24, 1936.

F. E. Riddle, for plaintiffs in error.

Jos. L. Hull and A. J. Kriete, for defendant in error.

PER CURIAM. Plaintiff, the Western & Southern Life Insurance Company, instituted this suit in the district court of Tulsa county against Henry C. Brockman, Nelle C. Brockman, Tulsa Apartment Company and M. M. Lausen, to recover upon a series of 28 promissory notes and to foreclose a real estate mortgage given to secure the notes. Plaintiff's petition was in the usual form for foreclosure actions. In it plaintiff alleged in substance thus:

That plaintiff is a corporation; that on the 22nd day of April, 1929, the defendants, Henry C. Brockman and Nelle Brockman, his wife, borrowed from the Exchange National Company, a corporation, the sum of $140,000, and in consideration thereof executed and delivered to the Exchange National Company 28 negotiable promissory notes, each in the sum of $5,000 falling due on different dates between May 1, 1932, and May 1, 1939; that the notes bore interest at the rate of 6 per cent. per annum payable semiannually on the first days of May and November of each year, with interest from maturity at the rate of 10 per cent. per annum; that all of the notes were of like tenor except as to the dates of maturity; that as a part of the same transaction the defendants Henry C. Brockman and Nelle C. Brockman executed and delivered to the Exchange National Company to secure the payment of the notes, a real estate mortgage covering certain property therein described situated in Tulsa county; that the mortgage registration tax was duly paid, and that the mortgage was duly recorded in Tulsa county; that thereafter and for value received and before maturity, the Exchange National Company duly indorsed, transferred, and delivered all of the notes and assigned the real estate mortgage securing their payment to the plaintiff; that this assignment was duly recorded in Tulsa county; that the plaintiff thereupon became and now is the owner and holder in due course of the 28 promissory notes and of the mortgage given to secure their payment; that subsequently, and on May 29, 1930, the defendants Henry C. Brockman and Nelle C. Brockman, his wife, conveyed by warranty deed the real estate covered by the mortgage to the defendant M. M. Lausen; that thereafter, and on August 13, 1931, the defendant M. M. Lausen conveyed the real estate by warranty deed to the Tulsa Apartment Company, a corporation; that both of

these warranty deeds were properly recorded in Tulsa county, and that they each contained the following provision:

"Except one mortgage to the Exchange National Company, dated April 22, 1929, in the amount of $140,000 with interest at 6%, which party of the second part assumes according to the terms thereof."

That by reason of the provision just quoted, M. M. Lausen and the Tulsa Apartment Company became bound to pay the mortgage indebtedness and became liable to the plaintiff for the amounts due according to the terms of the notes and mortgage; that the mortgage specifically provided that if there was any default in the payment of the principal or interest or taxes, the holder of the mortgage might, at its option, and without notice, declare the full amount of the indebtedness due and immediately foreclose upon the mortgage; that the mortgage also contained the usual provisions to the effect that if the mortgagors failed to pay the taxes, the holder of the mortgage might do so and the amounts thus paid would be secured by the mortgage; that the notes and mortgage also contained the usual provision for the payment of an attorney's fee of 10 per cent. in case of foreclosure; that on the 1st day of November, 1931, an installment of interest in the sum of $4,200 became due and payable, and has ever since remained past due and unpaid; that in addition plaintiff, on the 31st day of October, 1931, paid $9 abstract expense preparatory to instituting foreclosure proceedings, and on the 27th day of October, 1931, paid delinquent taxes against the property in the sum of $3,506.28; that because of these defaults, plaintiff, under the specific terms of the mortgage, elected to declare all of the notes past due and to foreclose upon the mortgage, and that plaintiff was entitled to recover from the defendants and each of them the full amount of the principal, namely, $140,000, with interest at 10 per cent. from November 1, 1931, until paid, together with the interest installment of $4,200 which fell due on November 1, 1931, with interest thereon at 10 per cent. from that date until paid, together with an attorney's fee of $14,000, the amount provided for in the notes and mortgage, together with the delinquent tax item in the amount of $3,506.28, and the abstract expense item of $9, with interest on these items also, at 10 per cent. from November 1, 1931, until paid and costs.

Plaintiff prayed for judgment against each of the defendants in the amounts just stated

and also for foreclosure of the mortgage. A copy of one of the 28 notes, properly indorsed to the plaintiff, together with copies of the mortgage and the assignment of the mortgage, were attached to plaintiff's petition as exhibits. These exhibits contained provisions in all respects conforming to the allegations of plaintiff's petition. The exhibits, however, did not include the original or a copy of a receipted bill showing the payment by plaintiff of the abstract expense item, nor did they include the original or a copy of the official tax receipt showing the payment by plaintiff of the delinquent tax item.

To this petition defendants filed their unverified answer reading thus:

"Come now the defendants in the above-entitled numbered cause and file this, their answer to the petition of the plaintiff filed herein and for such answer deny all and singular, each and every allegation alleged in said petition.

"These defendants deny that they are either of them indebted to the plaintiff in the amount alleged.

"Said defendants further deny that the provision in the mortgage and the notes sued upon have been breached by failure to make the payments when due as alleged.

"Said defendants especially deny that they are indebted to the plaintiff in the sum of the amount alleged as attorney's fees or any other amount.

"Wherefore, defendants pray that the plaintiff take nothing by reason of this suit, and upon final hearing defendants be discharged with their costs."

Thereafter, plaintiff filed its reply.

When the case was called for trial, the defendants demanded a jury, contending that an issue of fact was presented by the pleadings entitling them to a jury trial. The lower court refused this demand. Thereupon the plaintiff in open court moved for judgment on the pleadings, and this motion was sustained and judgment was rendered on the pleadings in favor of the plaintiff and against the defendants for the full amount sued for, namely, $147,715.28, with interest at 10 per cent. from November 1, 1931, until paid, together with $14,000 attorney's fees and costs. The mortgage securing this indebtedness was ordered foreclosed. Defendants have appealed from this judgment and the sole question now presented for decision is: Did the lower court err, under this state of facts, in rendering judgment on the pleadings for plaintiff?

Defendants' answer was unverified. Hence the execution and indorsement of the notes, the execution and assignment of the mortgage, the assumption of the mortgage indebtedness by M. M. Lausen and Tulsa Apartment Company, and the corporate existence of the plaintiff, and of the defendant Tulsa Apartment Company, all stood admitted.

Defendants' answer contained no plea of an affirmative defense, such as payment, want of consideration, or the like. Instead, it consisted simply of an unverified general denial, to which the defendants added these general allegations, namely:

"These defendants deny that they are either of them indebted to the plaintiff in the amount alleged.

"Said defendants further deny that the provision in the mortgage and the notes sued upon have been breached by failure to make the payments when due as alleged.

"Said defendants especially deny that they are indebted to the plaintiff in the sum of the amount alleged as attorney's fees or any other amount."

These allegations just quoted added nothing to the general denial contained in defendants' answer. They were so framed as to amount to mere statements of legal conclusions on the part of the defendants. By these allegations, defendants attempted to deny an indebtedness without denying the facts alleged in the petition upon which the indebtedness was based. The facts upon which the indebtedness was based, except as to the abstract expense and delinquent tax items, were evidenced by the written exhibits attached to the petition. These facts were admitted because the defendants did not see fit to verify their answer.

It is well settled by decisions from this court that an answer which is merely a denial of an indebtedness, without denying the facts upon which such indebtedness is based, where such facts are pleaded in the petition, is merely a denial of a conclusion of law, and is not sufficient to raise an issue of fact. Spencer v. Turney, 5 Okla. 683, 49 P. 1012; Jackson v. Green, 13 Okla. 314, 74 P. 502; Underwood v. Purcell Wholesale Grocery Co., 87 Okla. 94, 209 P. 736.

Defendants' answer therefore amounted to nothing more than an unverified general denial.

Prior decisions from this court are uniform to the effect that where plaintiff sues upon a promissory note and defendants an-

swer by an unverified general denial, and judgment is rendered for plaintiff on the pleadings, an appeal assigning the rendition of such judgment as error without stating any defense to plaintiff's action is frivolous, and will be dismissed or affirmed upon motion. Bilby v. Cochran, 47 Okla. 545, 149 P. 143; Burgess v. Crump, 88 Okla. 126, 212 P. 131; Crabtree v. American National Bank, 88 Okla. 260, 212 P. 1006.

This court has also repeatedly held that where the defendant files an unverified general denial to plaintiff's petition for judgment upon promissory notes secured by a mortgage, and for foreclosure of the mortgage, the plaintiff is entitled to judgment on the pleadings. Brewer v. Martin, 40 Okla. 350, 138 P. 166; Schuber v. McDuffee, 67 Okla. 160, 169 P. 642; Bowling v. Beaver, 102 Okla. 286, 229 P. 501.

In the Brewer v. Martin Case, supra, we said:

"The defendants, in their answer, having pleaded the execution of the note and the mortgage, and asked for judgment thereon and the foreclosure of said mortgage, and the plaintiff having replied by a denial without verification, this raises no issue of fact as to the execution of the mortgage and note and the amount due thereon, and judgment should have been rendered in favor of the defendants against the plaintiff for the amount of the note and a foreclosure of the mortgage lien."

The amount of principal due on the series of notes, together with the interest and the attorney's fee, were all fixed by the specific terms of the notes and of the mortgage securing them. The unverified answer of the defendants did not raise an issue of fact as to any of these items, and therefore the lower court did not commit error in rendering judgment for the amount of principal, interest and attorney's fees due as shown by the notes and mortgage.

Defendants' contention to the effect that an issue of fact was raised as to the attorney's fee is not well taken, for the reason that the amount of the attorney's fee included in the judgment was fixed at $14,000 by the specific terms of the notes and mortgage. Plaintiff was therefore entitled, as a matter of law, to recover the attorney's fee provided for in the notes. Kerr v. McKinney, 69 Okla. 88, 170 P. 685; Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 P. 209.

In Continental Gin Co. v. Sullivan, supra, we held:

"Where a 10 per cent. attorney's fee is provided in the note, if the jury failed to allow it, it is the duty of the trial court to do so; and if that court fails to do so, this court is justified in doing so, since the amount is fixed and determined by the amount found due on the note."

A different question is presented as to the abstract expense item of $9 and the delinquent tax item of $3,506.28. The amounts of these two items were not fixed by the notes and mortgage or by any written exhibits attached to the petition. By admitting the execution of the notes and mortgage, defendants did not admit the amounts and payment by plaintiff of the abstract expense and delinquent tax items. Defendants' unverified general denial clearly raised an issue of fact as to the amounts and payment by plaintiff of these two items. Hence, defendants as to these two items, under the pleadings as they existed in this case, were entitled to a jury trial, and the court erred in rendering judgment on the pleadings as to these two items. However, these two items are clearly separable ones. Counsel for plaintiff in their brief specifically state that:

"If, upon consideration of the instant case by this court, it is found that the action of the lower court in rendering judgment on the pleadings for the abstract fees, taxes paid by the plaintiff and attorney fees, or any of said items, was in error, then plaintiff consents and agrees that this court may strike said items, or any of them, from the judgment and modify the judgment accordingly."

Under the specific provisions of section 528, Okla. Stats. 1931, this court is authorized to modify a judgment so as to exclude therefrom separable items improperly included therein, and this is particularly true where defendant in error consents in its brief to such modification. Blackwell v. Hatch, 13 Okla. 169, 73 P. 933; Autry v. First National Bank, 131 Okla. 279, 269 P. 286; Hartford Fire Insurance Co. v. Baker, 127 Okla. 166, 260 P. 6.

The judgment of the lower court is therefore modified only to the extent of eliminating therefrom the two items improperly included therein, namely, the abstract expense item of $9 and the delinquent tax item of $3,506.28, and as thus modified the judgment is affirmed for the corrected amount of $144,200, with interest at 10 per cent. from November 1, 1931, until paid, plus $14,000 attorney's fees.

In accordance with section 552, Okla.

Stats. 1931, the costs are ordered equally divided between the plaintiff and the defendants.

The Supreme Court acknowledges the aid of Attorneys J. C. Monnet, Jr., J. B. Dudley, and Henry Snyder in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Monnet, Jr., and approved by Mr. Dudley and Mr. Snyder, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.