ILLER et al. v. PRUDENTIAL INSUR-
ANCE CO. OF AMERICA.

No. 26289. June 22, 1937.

Rehearing Denied Sept. 14, 1937.

S. A. Horton, for plaintiffs in error.

A. K. Little, for defendant in error.

GIBSON, J. This is an appeal from an order of the district court of Oklahoma county overruling motion to vacate judgment. The judgment sought to be vacated was rendered against defendant mortgagors in a foreclosure action. The parties are referred to herein as they appeared at the trial of the cause.

The material facts and circumstances leading up to and surrounding the entry of the aforesaid judgment were as follows: Plaintiff, the assignee of the note and the mortgage given to secure payment thereof, filed its petition in regular form seeking judgment on the note and foreclosure of the mortgage. Defendants filed an unverified answer in the form of a general denial, together with an affirmative plea charging that plaintiff was not legally qualified to maintain the action by reason of its failure to comply with the statutes governing the licensing of foreign corporations doing business here (sections 131, 132, O. S. 1931).

Thereafter plaintiff's motion to strike all affirmative allegations in the answer was sustained, leaving the answer in the form of an unverified general denial. The cause was then placed upon the docket for trial after ten days. When the case was called in regular order, defendants failed to appear and judgment was taken against them as prayed for after plaintiff presented the note and mortgage in evidence.

Defendants, within the term and more than three days after said judgment, but within three days from the date the journal entry was filed, interposed their motion to vacate. The motion was overruled and defendants have appealed.

Defendants say that they were not properly notified of the trial and take the position that they were not in default when the case was called. In this connection it is contended that their unverified general denial placed in issue the question of default in payment of the installments of the note theretofore matured, and taxes, and also placed in issue the question of plaintiff's ownership of the note and mortgage, and that it was incumbent upon plaintiff to offer evidence of delinquent installments and taxes, and evidence of its ownership of the note and mortgage. They say that the entry of default judgment against them under these circumstances was improper and that the judgment should have been vacated upon motion filed within the term.

There are presented here merely the

questions whether the cause stood properly for trial and whether plaintiff produced sufficient evidence to sustain its judgment.

Defendants were not entitled to personal notice of the setting of the case for trial. It was regularly set for trial as provided by section 395, O. S. 1931, which provides that where the issues are made up, as here, the cause shall be placed on the trial docket and stand for trial ten days hence. There is no duty upon anyone to notify the other party in such case. North v. Hooker, 68 Okla. 106, 172 P. 77. In that case the court held as follows:

"When a cause is regularly set for trial, it is not the duty of the court to call counsel when absent, and it is no abuse of discretion to proceed to trial when the cause is reached in its order, where no postponement of the case has been taken, and no leave to be absent has been granted to the parties or their counsel."

The contention that the cause did not properly stand for trial is without merit.

Defendants further contend that, since plaintiff offered no evidence of its ownership of the note and mortgage, nor evidence that the installments thereon and the interest had not been paid, the trial court should have sustained the motion to vacate the judgment.

The latter contention is also without merit. The note itself is prima facie evidence of the holder's ownership. Reserve Loan Life Ins. Co. v. Simmons, 140 Okla. 212, 282 P. 279. Ownership of the note and mortgage and the amount claimed in the petition were the facts at issue. Payment of any portion of the amount claimed was not at issue because not affirmatively pleaded. Here the amount due upon the note, the interest, and attorney fees were ascertainable from the note itself. That is sufficient to support the judgment for the principal, interest, costs, and attorney fees.

It is admitted by plaintiff that no evidence was introduced to prove its allegations of payment of insurance and paving assessments and general taxes. Defendants' general denial was sufficient to raise an issue as to those items, and as to such items the judgment rendered is erroneous. Brockman v. Western & Southern Life Insurance Co., 176 Okla. 412, 55 P. (2d) 997.

Plaintiff in its brief has consented to a modification of the judgment by the elimination therefrom of the items of insurance in the sum of $33.79, paving taxes in the sum of $108.09, and 1931 general taxes in

the sum of $149.65. In Brockman v. Western & Southern Life Insurance Co., sup we said:

"Under the specific provisions of secti 528, Oklahoma Statutes 1931, this court authorized to modify a judgment so as exclude therefrom separable items impr erly included therein, and this is particul ly true where defendant in error conse in its brief to such modification."

Defendants insist that, although th saved no exception to the ruling of the co on the motion to strike portions of the swer and cannot now present the ruling error, nevertheless the ruling was actua erroneous and, since the same was err eous, the court's failure to consider th answer when passing upon motion to vac should be held an abuse of discretion. authority is cited in support of this c tention.

The affirmative allegations stricken fr the answer in substance were that plaintiff, a foreign corporation, could legally maintain the foreclosure action cause of its alleged failure to qualify der the law to do business here (sect 43, art. 9, Const.; secs. 131-132, O. S. 193 and further, that the plaintiff was not titled to judgment for $600 attorney's f the amount provided in the mortgage.

Even if the rule were that contended by defendants, it could not in any ev operate unless the defense so pleaded a stricken were actually a legal and merit ious defense. Here such rule, if it exist could not be successfully invoked by fendants. The allegations of their ans concerning plaintiff's failure to qualify der the laws of this state do not constit a defense or bar to the action. That qu tion has been decided adversely to defe ants' contention. Carlin v. Prudential I Co. of America, 175 Okla. 398, 52 P. (2 721. Neither do the allegations concern the attorney's fee constitute a defense.

The action of the court in striking aforesaid allegations and its alleged fail to consider such allegations on hearing on motion to vacate judgment have prived defendants of no substantial rig and did not constitute an abuse of cretion.

The judgment of the lower court is the fore modified only to the extent of eli nating therefrom the aforesaid items of surance, paving assessments, and taxes properly included therein, and, as thus m fied the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and HURST, JJ., concur.