STATE of Oklahoma ex rel. OKLA-HOMA TAX COMMISSION, Appellee,

v.

THLOPTHLOCCO TRIBAL TOWN OF OKLAHOMA, a Federally–Chartered Corporation, Appellant.

No. 70538.

Supreme Court of Oklahoma.

Sept. 15, 1992.

Joe Mark Elkouri, Gen. Counsel, David Allen Miley, Asst. Gen. Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellee.

. John G. Ghostbear, Inc. John G. Ghostbear, Tulsa, for appellant.

SUMMERS, Justice:

Oklahoma Tax Commission sought and obtained a District Court order permanently enjoining an Indian smoke shop from selling untaxed cigarettes. The Court of Appeals agreed with the result on its merits but reversed the injunction, finding that the Tax Commission had sued the wrong party. We have granted certiorari to line the case up with the *Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe,* —— U.S. ——, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). In doing so we vacate the lower court's injunction for two reasons: (1) The Tax Commission did indeed sue the wrong defendant, as the Court of Appeals correctly determined, and (2) the injunction is contrary in law to the recent *Citizen Band Potawatomi* decision.

The Oklahoma Tax Commission brought an action for a permanent injunction against the "Thlopthlocco Tribal Town, a federal corporation." The OTC alleged that the Thlopthlocco Tribal Smoke Shop was selling cigarettes without paying the taxes required by state law and refused to file any reports regarding the unstamped cigarettes. The OTC sought a permanent injunction to prevent the smoke shop from selling any untaxed cigarettes until the tax-

es owed were paid and the smoke shop obtained a license.

Thlopthlocco Tribal Town of Oklahoma (Tribe) is a federally recognized Indian tribe. Although bearing some relation to the Creek Nation, it operates as a tribe apart. In 1939 it was issued a corporate charter by the Secretary of the Interior pursuant to 25 U.S.C. § 503, the Oklahoma Indian Welfare Act. The defendant corporation asserts that it was not the party which operated the smoke shop. The Tribe itself was not sued.

Apparently the Tribe has conducted little or no business through the corporation. The officers of the corporation, according to the charter, were the same individuals who served as the Business Committee— the governing leaders—of the Tribe. The Tribe was in charge of the operations of the smoke shop. The Business Committee, at tribal meetings, made decisions regarding the salary of individuals employed by the smoke shop. The Business Committee decided who would manage the shop and where it would be located. The smoke shop employees answered to the Business Committee regarding day-to-day operations. The defendant corporation urges that it was simply not involved in the operation and management of the smoke shop. On this basis, the corporation maintains that it was not the proper party defendant to this lawsuit.

In response, OTC claimed that the corporation was the proper party. OTC pointed out that the corporation, in its charter, agreed to sue and be sued in state court. While the Tribe has not consented to suit and therefore cannot be sued in state court, the corporation waived its immunity. OTC further stated that the land on which the smoke shop is situated was transferred to the corporation by an individual. The corporation then in turn deeded the land to the federal government to be held in trust for the tribe. The OTC urges that this connec-

tion, along with the letterhead which reads "Thlopthlocco Tribal Town, a federal corporation" is sufficient to allow suit against the corporation. In the alternative, OTC urges that the two entities are so connected as to be one, and the waiver of immunity by the corporation serves as a waiver of immunity by the Tribe.

The trial court granted the injunction against Thlopthlocco Tribal Town, in its corporate capacity, on February 5, 1988.[1] In so doing, the trial court determined that sovereign immunity was not a bar to this action and that the state tax law could be properly enforced against the defendant. On appeal, the Court of Appeals held that the smoke shop was subject to state tax laws and was required to purchase tax stamps. However, the court determined that it was indeed the Tribe that operated the smoke shop and not the corporation. Hence, the wrong party had been named by the OTC in the lawsuit. For that reason the Court of Appeals reversed the trial court and vacated the injunction. The OTC filed a petition for certiorari which was granted by this Court on October 23, 1990.[2]

Although we agree that the corporation was not the proper party to this lawsuit, the Court of Appeals' resolution of the taxability question on its merits is incorrect under the recent Supreme Court decision in *Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe,* ——— U.S. ———, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). We therefore vacate the opinion of the Court of Appeals and reverse the trial court's grant of a permanent injunction.

## I. THE OPERATOR OF THE SMOKE SHOP

■ Title 25 U.S.C. § 503 permits any recognized tribe in Oklahoma to obtain a corporate charter issued by the Secretary of the Interior. Under Section 503 the corporate charter may grant to the corporation any powers properly vested in a

---

1. The original order of the trial court simply states that the injunction is granted against the "Defendant, Thlopthlocco Tribal Town." O.R. pp. 105–106. However, a later copy of this order reveals the handwritten words "a federal

corporation" added to "Thlopthlocco Tribal Town."

2. Corporation also filed a petition for certiorari, but the petition was denied as untimely.

corporate body according to laws of the state. *Id.* Congress' purpose in enacting this statute and its similar counterpart, 25 U.S.C. § 477, which permits tribes from other states to organize as corporations, was to promote organization by tribes for economic purposes. *Muscogee (Creek) Nation v. Hodel*, 851 F.2d 1439, 1442 (D.C.Cir. 1988); *see generally* Cohen, *Handbook of Federal Indian Law* 147–149 (1982).

Under Section 503, an Oklahoma tribe may incorporate and waive immunity for assets held by the corporation. However, assets not held by the corporation remain protected by immunity. *See* Comment, *Tribal Self–Government and the Indian Reorganization Act of 1934*, 70 Mich. L.Rev. 955 (1972); Getches and Wilkinson, *Cases and Material on Federal Indian Law* (2d 1986) at 315. It was under this statute that the Thlopthlocco Tribal Town obtained its federal corporate charter.

The OTC offers three theories to support its argument that the corporation was the proper party to this suit. First, the OTC urges that the corporation operated the smoke shop. For evidentiary support it relies on the fact that the letterhead of the Thlopthlocco Tribal Town reads "Thlopthlocco Tribal Town, a federal corporation since 1939." It also points out that the land on which the smoke shop is situated was deeded to the corporation, which in turn deeded it to the federal government, to be held in trust for the Tribe.

This argument fails. The overwhelming evidence shows that the smoke shop was operated and managed by the Business Committee, the governing body of the Tribe. The corporation has never been utilized to operate tribal businesses. While the Business Committee consists of the same individuals who the corporate charter names as officers of the corporation, the Committee did not act in the capacity of corporate officers. Instead, the Business Committee always acted according to the Tribe's constitution and by-laws as the governing body of the Tribe. All relevant business decisions regarding the smoke shop were made at the regular committee meetings where other tribal business was

conducted. The supervisory rules of the smoke shop were enacted through resolutions passed by the Business Committee. The salaries, employment decisions, financing and operating decisions were made at these meetings.

■ As its second theory, the OTC asserts that even if the Tribe operates the smoke shop, it is estopped from asserting its separate identity because of the letterhead. Citing *Underwood v. Purcell Wholesale Grocery Co.*, 87 Okl. 94, 209 P. 736 (1922), the OTC claims that the Thlopthlocco Tribal Town held itself out to be a corporation. It is true that the letterhead indicated the corporate status. However, as *Underwood* clearly states, estoppel only applies if the party to whom the representation is made detrimentally relies on the representation. Here, the record is clear that from the inception of these proceedings the corporation has stated that it is not the operator of the smoke shop. The Tax Commission has not shown any reliance on that representation to its detriment. It appears that the OTC simply (and alertly) chose to sue the corporation because of the waiver of immunity in its corporate charter. The Tribe, of course, is not a party to the suit, and thus not subject to any such theory of estoppel. The corporation is not estopped from denying its nonparticipation in the operation of the smoke shop.

■ Finally, the OTC urges that the corporation and the Tribe should be treated as one because they are "so closely related as to be indistinguishable, if not one and the same thing." The two entities are closely related but cannot be considered one and the same, especially in light of congressional intent in permitting the incorporation of tribes.

Early drafts of the Act proposed a single tribal entity continuing the tribe's preexisting power to govern its members politically and adding new corporate powers to allow the tribe to engage in business dealings. An objection was raised that tribal immunity would prevent such an entity from obtaining credit. To resolve this problem, Congress authorized the

tribes to organize *two separate entities:* a political governing body to exercise preexisting powers of self-government pursuant to section 16 of the Act, and a new tribal corporation to engage in business transactions pursuant to section 17. The legislative scheme contemplates that a tribe must first organize under section 16 to be eligible to form a section 17 corporation; a number of tribes have formed only a section 16 government. *Cohen,* at 325–26. (emphasis added)

In *Atkinson v. Haldane,* 569 P.2d 151, 170–72 (Alaska 1977), the Alaska Supreme Court considered the question of whether the "sue and be sued" clause in the corporate charter of the Metlakatla Indian Community served as a waiver of tribal sovereign immunity in a negligence suit against the tribe. Relying on the legislative history of the Indian Reorganization Act and opinions of the Solicitor General, the court concluded that the tribe and its corporation were two separate legal entities. Quoting Solicitor General Opinion No. M–36545, the court noted that:

> The corporation, although composed of the same members as the political body, is to be a separate entity, and thus more capable of obtaining credit and otherwise expediting the business of the tribe, while removing the possibility of federal liability for activities of that nature. As a result, the powers, privileges and responsibilities of these tribal organizations materially differ. Op. No. M–36515, 65 Interior Decision 483. *Atkinson,* 569 P.2d at 172.

We agree with the Alaska court. Although the individuals who serve as tribal leaders also serve as officers of the corporation, the two entities are separate. *See Cohen,* at 326. In this case, Thlopthlocco Tribal Town has chosen not to utilize its corporate charter. All business, including the smoke shop, is conducted through the Tribe's Business Committee.

We agree with the Court of Appeals that the wrong party was sued as defendant. There is no evidence that the corporation

had any connection with the operation of the smoke shop so as to subject it to legal proceedings brought by the Tax Commission.

## II.  TAXATION OF SALES

■ The trial court granted a permanent injunction against "Thlopthlocco Tribal Town, a federal corporation" for the nonpayment of assessed taxes and failure to file records with the OTC. The Court of Appeals agreed with the trial court on the taxation question. Its opinion, however, was without benefit of the Tenth Circuit opinion in *Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Commission,* 888 F.2d 1303 (10th Cir.1990). After the rendering of the Court of Appeals' opinion, the 10th Circuit *Citizen Band Potawatomi* opinion was itself reversed by the United States Supreme Court on certiorari. The Supreme Court held that "under the doctrine of tribal sovereign immunity, the State may not tax such sales to Indians, but remains free to collect taxes on sales to non-tribal members." *Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe,* 498 U.S. 505, ——, 111 S.Ct. 905, 908, 112 L.Ed.2d 1112 (1991).[3] Thus, the District Court and the Court of Appeals were incorrect in holding that all smoke shop sales were subject to state tax.

As conceded by the OTC in its filing of "Additional Authority", the remaining issues are resolved by *Citizen Band Potawatomi.* First, the OTC had questioned whether the smoke shop land was Indian Country. *Citizen Band Potawatomi* directly addressed the question of whether land held by the federal government in trust for a tribe is "Indian country" within the meaning of 18 U.S.C. § 1151. The High Court held that it was.

Second, *Citizen Band Potawatomi* specifically states that the doctrine of sovereign immunity has not been abandoned. Congress might have dispensed with it, but has not seen fit to do so. *Id.* With this in mind, the Supreme Court declined to modi-

---

**3.**  This Court has recently acknowledged the rule of *Citizen Band Potawatomi. City Vending v.* *Oklahoma Tax Comm'n,* 835 P.2d 97 (Okla.1992).

fy the long-standing doctrine. Tribal sovereign immunity prevents the state from taxing sales of cigarettes to tribal members. However, the Court held that sovereign immunity does not excuse the tribe from its obligations to assist in the collection of validly-imposed taxes. *Id.*, 498 U.S. at ——, 111 S.Ct. at 911. Tribal sellers are obligated to collect and remit state taxes on sales by tribal smoke shops to non-tribal members. *Id.*

### III. CONCLUSION

The permanent injunction granted by the trial court was improper for two reasons. First, the defendant corporation was not the proper party; it did not operate the smoke shop. Second, state taxes may be validly imposed only upon those Indian country smoke shop sales made to non-tribal members. Such sales of cigarettes to tribal members are not taxable by the state. The Court of Appeals opinion is vacated and the permanent injunction of the trial court is set aside. The case is remanded to the District Court for the purpose of issuing an Order denying the petition for permanent injunction.

HODGES, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON, and WATT, JJ., concur.

LAVENDER and KAUGER, JJ., concur in result.

OPALA, C.J., concurs in part, dissents in part.